# Vernon Township et al., Appellants, *v.* United Natural Gas Co.

*Contracts — Townships — Gas companies — Right to lay pipes — Free gas—Township powers—Act of May 29, 1885, P. L. 29, Sec. 12 —Consideration — Evidence — Threat to turn off supply — Bill in equity—Injunction.*

1. Township supervisors are public officers and the presumption is in favor of the correctness and regularity of their official acts.

2. The validity of a written contract entered into between the supervisors of a township and a public service company and acted upon by the company and its successors for a period of 29 years, cannot be attacked on the ground of failure of evidence to show formal action by the supervisors, as a board, in making and executing the contract, the presumption being that they took whatever formal action was necessary to the proper execution or ratification of the contract which bore their individual signatures.

3. The Act of May 29, 1885, P. L. 29, Sec. 12, conferring upon gas companies the right of eminent domain and providing that "in all cases where any dispute shall arise between such corporations and the authorities of any borough, city, township or county, through, over, or upon whose highways......pipes are to be laid," as to the character or manner of laying such pipes, the Court of Common Pleas may upon petition of either party "define by its decree what precautions, if any, shall be taken in the laying of pipes," contemplates the right of township authorities to have a voice in the matter of the character of the pipes, and the method of laying them, where there is a question of safety or public convenience involved.

4. A gas company entered into a contract with a township under which the company secured the right "of laying their pipes in the manner most expedient and feasible to them in consideration of free gas" to be furnished the township and school district for a certain number of lamps. At the time of the execution of the contract, which was signed by the three supervisors, a rival gas company existed and there had been considerable contention as to which should receive the franchise. The gas was furnished under such contract for 29 years when the company notified the township that it would no longer furnish the gas without charge, and thereafter, upon failure of the latter to pay, threatened to cut off the supply. A bill in equity brought by the township and school district to restrain such action was dismissed by the lower court on the grounds (1) that there was a failure of evidence to show formal action by the supervisors, as a board, in making and executing the contract, and (2) that the township had no power to restrict the use of its highways by the defendant, and the contract was therefore without consideration. *Held,* that plaintiffs were entitled to the injunction, and the decree was reversed.

*Practice, Supreme Court—Question not raised by pleadings or evidence.*

5. A question not raised by the pleadings or evidence will not be considered by the Supreme Court on appeal.

Mr. Justice MOSCHZISKER dissents.

Argued Jan. 4, 1917. Appeal, No. 141, Jan. T., 1916, by plaintiffs from decree of C. P. Crawford Co., May T., 1915, No. 1, dismissing bill in equity for an injunction in case of Township of Vernon and School District of Vernon Township, by its Directors Fred Gloth, William Swaney, Edgar A. Brown, Harry Kreiter and Leland J. Culbertson v. United Natural Gas Company, a corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Bill in equity for an injunction. Before PRATHER, P. J.

The facts appear by the opinion of the Supreme Court.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned,* among others, were in dismissing plaintiffs' exceptions and in dismissing bill of complaint.

*Wesley B. Best* and *Albert L. Thomas,* with them *Otto A. Stolz,* for appellants.—The defendant company as the successor of the Meadville Fuel Gas Company cannot rescind the written contract which was entered into with Vernon Township to furnish free gas after the contract had been recognized and gas furnished thereunder for twenty-nine years: Hind v. Holdship, 2 Watts, 104; Silvis v. Ely, 3 W. & S. 420; Pittsburgh Stove & Range Co. v. Pennsylvania Stove Co., 208 Pa. 37; Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; Erie Forge Co., Ltd., v. Penna. Iron Works Co., 22 Pa. Superior Ct. 550; Harlan v. Harlan, 20 Pa. 303.

*P. M. Speer,* of *Speer & Weigle,* with him *George F. Davenport* and *John W. Mullen,* for appellee.—No consent of the supervisors for laying appellee's pipes being necessary, any agreement by the gas company to pay for such consent or to furnish free gas therefor was without consideration and not enforceable, being nudum pactum and void: City of Philadelphia v. Empire Passenger Ry. Co., 177 Pa. 382; Pittsburgh's App., 115 Pa. 4; Philadelphia Steam Supply Co. v. Philadelphia, 15 W. N. C. 57; Springfield Township v. North Springfield Water Co., 14 Pa. D. R. 73; Borough of Forty Fort v. Forty Fort Water Co. et al., 9 Kulp 241.

Opinion by Mr. Justice Frazer, February 12, 1917:

The Meadville Fuel Gas Company, a corporation formed in 1886, under the laws of this Commonwealth, for the purpose of furnishing natural gas for fuel and light to the public, entered into a contract with Vernon Township for laying and constructing the company's

pipes and conduits through the streets and highways of the township, by the terms of which contract the company agreed to furnish, without charge to either the township or the school district, sufficient gas for light and fuel for ten street lamps and two school houses.

In 1892, the Oil City Fuel Supply Company acquired the rights and franchises and assumed the liabilities of the Meadville Fuel Gas Company, and in 1908, the Oil City Fuel Supply Company was, in turn, consolidated with the United Natural Gas Company, defendant in this case. Beginning in 1886, these various companies continued to furnish natural gas without charge, as provided in the contract, until about January 1, 1915, when defendant served notice on the township that thereafter free gas would not be furnished, and subsequent to that date bills were regularly rendered the township, and, upon failure of the latter to pay same, notice was given that the supply would be discontinued; whereupon the township filed this bill for an injunction to restrain such action. The court below dismissed the bill on the ground of failure of proof to show acceptance of the agreement by the township supervisors as a board, and further that the agreement was without consideration, and, consequently, void. Exceptions to the decree were dismissed, and plaintiff appealed.

Defendant denied the existence of the contract in question; the evidence submitted, however, by plaintiff, was ample to warrant the finding of the court below that the agreement was actually entered into between the township supervisors, and the Meadville Fuel Gas Company. The court further found a failure of evidence to show formal action by the supervisors, as a board, in making and executing the contract. In view of the fact that a period of twenty-nine years elapsed between the date of the contract and the time of trial, it is not surprising that evidence of its formal execution by the supervisors was difficult to procure. Direct proof, however, of formal action, taken by the supervisors, was unnecessary

under the circumstances of this case. The evidence that
the writing was signed by the three persons who were.
supervisors at that time is uncontradicted. That town-
ship supervisors are public officers is clear, consequently
the presumption is in favor of the correctness and regu-
larity of their official acts: Ormsby v. Ihmson, 34 Pa.
462; Mansel v. Nicely, 175 Pa. 367; Houseman v. Inter-
national Navigation Co., 214 Pa. 552; and we may as-
sume the supervisors in this case took whatever formal
action was necessary to the proper execution or ratifi-
cation of the contract which bore their individual signa-
tures.

Defendant contends, however, that the township was
without authority to impose restrictions upon the gas
company as to the use of the highways, and, consequent-
ly, the contract is without consideration, and void. The
Act of May 29, 1885, P. L. 29, under which the Meadville
Fuel Gas Company was incorporated, gives to such com-
panies the right of eminent domain, providing, however,
in Section 13, that they shall not enter upon, or lay pipes
or conduits, in any street or highway of a borough or
city, without the consent of the municipal authorities.
This provision does not extend to townships, and the only
restrictions on the right to occupy and use the highways
of a township are found in Section 12 of the act, which
provides: "In all cases where any dispute shall arise
between such corporations and the authorities of any
borough, city, township or county, through, over or upon
whose highways, or between it and any land owner or
corporation, through, over or upon whose property or
easement pipes are to be laid, as to the manner of laying
the pipes and the character thereof, with respect to safety
and public convenience, it shall be the duty of the court
of common pleas of the proper county upon the petition
of either party to the dispute, upon a hearing to be had,
to define by its decree what precautions, if any, shall be
taken in the laying of pipes, and, by injunctions, to re-
strain their being laid in any other way than as decreed."

The section contemplates the right of township authorities to have a voice in the matter of the character of the pipes, and the method of laying them, where there is a question of safety or public convenience involved. While the act provides a remedy, by recourse, to the common pleas by petition of either party to the dispute, there is no apparent reason why the parties may not, if they prefer, amicably adjust their dispute without resorting to legal proceedings. In fact, such adjustment should be encouraged rather than discouraged by the courts. In this case the precise subject-matter of the dispute, which led to the execution of the agreement in question, does not appear, and, the contract having been lost, we are deprived of the benefit of whatever recitals it contained. There is testimony, however, of the existence of rival companies, and no little contention in the community as to which of the two should be patronized by persons intending to become users of gas for fuel or lighting purposes, and also that the contract in question granted to the Meadville Fuel Gas Company the right "of laying their pipes in the manner most expedient and feasible to them in consideration of the free gas," for the schools and the ten street lights, or, as another witness testified, the contract granted to the gas company the "privilege of laying their pipes as they saw fit," without restrictions, in consideration of the furnishing of free gas. While the gas company had a right to petition the common pleas for a settlement of the dispute, and was under no obligation to agree to furnish free gas to the township in consideration of the privileges above mentioned, it chose to voluntarily compromise with the supervisors, and, in view of the provisions of the statute quoted above, we are of opinion there was ample consideration to sustain their agreement. The contract having been voluntarily entered into and carried out for a long period of years, defendant, as the successor of the original company which was a party to the contract, is now without standing to

refuse to further perform its obligations thereunder, on the ground of want of consideration.

In a supplemental paper book appellee argues that the contract in question is unenforceable because it violates the Act of July 26, 1913, P. L. 1374, relating to public service corporations, and prohibiting discrimination in favor of any persons, corporation or locality, with respect to services or charges therefor. With respect to this contention it is sufficient to say that no question of discrimination or violation of the Public Service Company Law in other respects was raised by the pleadings or the evidence taken in the court below, and, consequently, that question is not now before us. The sole matter for determination is the validity of the contract between Vernon Township and the Meadville Fuel Gas Company.

The decree is reversed and the record remitted to the court below for the purpose of entering a decree in conformity with this opinion.

Mr. Justice MOSCHZISKER dissents.