## McClelland's License

*S. A. Litzenberger*, for appellant.

*W. H. Eastburn 3rd*, for Secretary of Revenue.

SATTERTHWAITE, P. J. (Seventh Judicial District, Specially Presiding), February 20, 1965.—After hearing in this appeal de novo, the court makes the following

### FINDINGS OF FACT

1. Appellant, William F. McClelland, is a resident of Bucks County and a duly licensed operator of motor vehicles in this Commonwealth.

2. On January 11, 1962, at about 1:18 a.m., appellant was operating a tractor-trailer vehicle in an easterly direction on the Pennsylvania Turnpike in Wells Township, Fulton County, Pa.

3. At said time and place, appellant was stopped by a detail of the Pennsylvania State Police and accused of operating said vehicle at a speed of 62 miles per hour, such speed having been measured by the use of radar.

4. At said time and place, the maximum legal speed for vehicles of the type operated by appellant was 50 miles per hour.

5. After due notice and opportunity to appellant for departmental hearing, which appellant did not attend, the Secretary of Revenue entered an order on April 4, 1963, suspending appellant's operating privileges by reason of said alleged violation for a period of five months, effective April 11, 1963.

6. The within appeal from said order was filed on April 10, 1963, and was made a supersedeas by the order of this court fixing a date for hearing thereon.

7. There was no sufficient evidence that the radar device used by the officers in apprehending appellant on the occasion in question was of a type approved by the Secretary of Revenue.

8. There was no sufficient evidence that the tractor-trailer vehicle which was "clocked" by the radar device at 62 miles per hour, and allegedly provided the occasion for appellant's apprehension at the time and place in question, was the tractor-trailer vehicle operated by appellant.

9. There was no evidence that the Pennsylvania Turnpike was posted at the time in question with official warning signs indicating that radar was in operation.

### DISCUSSION

Appellant, whose prior driving record is such that the court has no sympathy with him whatsoever, must,

nevertheless, be successful in the within appeal from his third license suspension, solely for technical reasons founded on inadequacies of proof of requisite matters pertaining to the subject violation.

At the hearing de novo in this court, there was no proof whatsoever that the radar equipment in use by the State Police officers was of a type approved by the Secretary of Revenue, as required by section 1002-(d.1) (1) (i) of The Vehicle Code, as added by the Act of April 28, 1961, P.L. 108, 75 PS §1002. Accordingly, the violation was not sufficiently proven: Commonwealth v. Perdok, 411 Pa. 301; DeRewal Automobile License Case, 13 Bucks 255.

Moreover, the record is totally silent as to the erection at the time in question of any official warning signs along the Pennsylvania Turnpike indicating that radar was in operation, a further requirement of the same legislation. The court may not take judicial notice of the existence thereof: Commonwealth v. Brose, 412 Pa. 276.

Finally, and totally apart from these formal deficiencies which possibly might have been rectified by more comprehensive proofs from those witnesses present at the hearing, a further defect permeated the arrest procedure itself. The combined testimony of the members of the State Police detail which apprehended appellant at the time of the alleged violation was not sufficiently certain and definite to demonstrate, as a matter of competent evidence, that he was, in fact, the guilty operator. Corporal Chylak, the officer in charge, noted on the radar-indicating meter in his parked police car that a tractor-trailer truck travelling eastbound, which he could not identify at the hearing, was operating at a speed of 62 miles per hour. He radioed that information to one of the two intercepting officers in the detail under his command, Trooper Chinchar, who was located in another police

car parked a few hundred feet to the east. Trooper Chinchar pulled onto the highway in pursuit of this same vehicle while it was still within Corporal Chylak's vision, but they passed out of his view before the chase was completed. Trooper Chinchar, who was not produced to testify at the within hearing, "flagged down" appellant's tractor-trailer truck about one mile east of Corporal Chylak's parked vehicle, at a location where the second intercepting officer of the detail, Trooper Lesky, was already stopped and engaged in "writing-up" a previous speeding violator. For reasons apparently of assumed convenience, Trooper Chinchar requested Trooper Lesky to "write-up" appellant, as the operator of this vehicle as well, and thereupon left the scene without more. Accordingly, Trooper Lesky was the only one of the three officers who could identify appellant, and he, of course, necessarily admitted at the within hearing that he had no personal knowledge that appellant's vehicle was the one clocked by the radar device in Corporal Chylak's car parked a mile back.

Appellant's evidence on his own behalf did not cure this deficiency. He testified that he saw the radar vehicle as he passed at a permissible speed of 50 miles per hour, that he was not chased by an officer in a pursuit car but, to the contrary, had been "waved down" by a State Police officer standing alongside a parked police car some distance to the east of the radar car, at a point where a third officer was located in another parked police car and where several other trucks had been stopped, and that it was the third officer who issued the "ticket" to him. While appellant's credibility was not persuasive, the fact remains that there was no evidence produced which unequivocally identified him as the violator detected by Corporal Chylak. Compare an analagous situation and result in Brisbane Automobile License Case, 14 Bucks 346.

Since the fact of appellant's instant violation has not been sufficiently proven for the reasons stated, the secretary's suspension order based thereon must be vacated and reversed, without regard to any other question: DeRewal Automobile License Case, supra, and cases cited.

ORDER

And now, February 26, 1965, for the reasons stated in the foregoing opinion, the within appeal is hereby sustained, and the order of the Secretary of Revenue of April 4, 1963, suspending the operating privileges of appellant, William F. McClelland, for a period of five months, is hereby vacated, overruled and reversed.