## Commonwealth v. Taylor

*Norbert J. Powell,* District Attorney, for Commonwealth.

*Gordon J. Daghir,* for defendant.

GREINER, P. J., April 21, 1966.—The case before the court is on waiver of hearing before a justice of the peace and posting bail by defendant for hearing de novo before this court.

On February 8, 1966, defendant was apprehended by Pennsylvania State Police radar unit for operating his passenger vehicle in a northerly direction on Route 219 between Ridgway and Johnsonburg, Pa., at an alleged speed of 31 miles an hour in excess of the posted 50-mile-per-hour maximum speed. The area involved was a straight stretch of two lane concrete highway, with clear visibility 1,500 to 2,000 feet south of the radar car and one-half mile north. There is no evidence of any unfavorable driving conditions, and no other vehicle traversed the same stretch of highway traveling in either direction during the time defendant was within the range of the radar beam. Thus defendant was charged with violating section 1002, art. X, of The Vehicle Code of April 29, 1959, P. L. 58. To support the charge, the Commonwealth offered proof it deemed necessary and sufficient, in compliance with subsection (d. 1) (1) of the same act, article and section, as amended April 28, 1961, P. L. 108, sec. 2, 75 PS §1002 (d. 1) (1) (1965 supp.), which authorizes use of radio microwave equipment in timing speed, which reads as follows:

"(d. 1) (1). The rate of speed of any vehicle may be timed on any State highway, including the Pennsyl-

vania Turnpike System, by officers of the Pennsylvania State Police through use of radiomicrowaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

"(i) it is of a type approved by the secretary, and

"(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and

"(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation;

"(iv) the speed recorded is six or more miles per hour in excess of the legal speed limit.

"(2) The secretary shall have authority to appoint official stations for calibrating and testing radar apparatus, and may prescribe regulations as to the manner in which such calibrations and tests shall be made, and shall issue to such stations official inspection certificate forms.

"An official certificate from an official inspection station, showing that the calibration and tests required by this subsection were made within the required period, and that the radar apparatus was accurate or was adjusted for accuracy, shall be competent and prima facie evidence of the fact that such certificate was issued by an official inspection station appointed by the secretary and of the accuracy of the radar apparatus in every proceeding where an information is brought charging a violation of this section.

"(3) The Secretary of Highways shall have the authority to establish, by rule and regulation, the size, color and type of warning sign to be erected on the highways where radar is in use and to designate the intervals at which such warning signs are erected": Added April 28, 1961, P. L. 108, sec. 2.

Competent evidence was offered proving all of the statutory prerequisites set forth in the above-quoted section (d. 1) (1), excepting only subsection (iii), requiring that "official warning signs had been erected on the highway by the proper authority indicating that radar is in operation". Although the arresting officer concluded that official warning signs had been properly placed, on crossexamination his testimony was not conclusive and unequivocal. There was no adequate proof that the "radar enforced" signs met the specifications as established by the Secretary of Highways in accordance with the statutory authority.

The provisions of The Vehicle Code relating to this offense are of a penal nature and, therefore, must be strictly construed: Commonwealth v. Munley, 32 D. & C. 2d 500; Commonwealth v. Anspach, 134 Pa. Superior Ct. 369.

In Commonwealth v. Brose, 412 Pa. 276 (1963), Mr. Justice O'Brien stated: "The existence of signs on the road indicating that radar is in use is a necessary element of the Commonwealth's case. Commonwealth v. Browning, 5 Chester 76.

"The Commonwealth has the burden of proving all of the elements of its case by competent evidence. In Commonwealth v. Perdok, 411 Pa. 301, 192 A. 2d 221 (1963), we reversed a radar speeding conviction for want of competent evidence of the fact that the apparatus was of a type approved by the Secretary of Revenue, another of the requisites of the statute". In the instant case, the Commonwealth failed to prove that the radar signs met the official specifications. See Gibson License, 36 D. & C. 2d 476 (1964), and Commonwealth v. Abel, October sessions, 1957, no. 16, Elk County, Pa. Accordingly, we make the following

ORDER

And now, to wit, April 21, 1966, defendant is found not guilty. Costs on the County of Elk.