Commonwealth *v.* Kubelius, Appellant.

Argued March 22, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*George A. Hahalis,* for appellant.

*Wallace C. Worth, Jr.,* First Assistant District Attorney, for Commonwealth, appellee.

Opinion by Ervin, P. J., June 16, 1967:

This is an appeal from an order of the Court of Quarter Sessions of Lehigh County finding the defendant guilty of speeding and entering sentence thereon.

There was no stenographic record of the hearing made but the appellant stated in his brief that he accepted the facts as set forth in the opinion of Judge Scheirer.

Defendant was charged with operating his motor vehicle on June 3, 1966 at the rate of 63 miles per hour in a 50-mile speed zone on Route 100, one mile north of Legislative Route No. 39072 in Lowhill Township, Lehigh County.

The prosecutor, a Pennsylvania State Trooper, alone was operating a radar device and gave chase to defendant after locking the radar speedometer. He testified that signs bearing the legend "Radar Enforced" were posted in the area and were regulation "official" signs of uniform size which were measured when installed at the time radar was authorized but not since.

Defendant entered a demurrer to the Commonwealth's evidence, which was overruled. He then testified in his own behalf that on August 26, 1966 he measured a sign on Route 22 that was thirteen inches (presumably in height), and three signs on Route 100 that were eight inches in height. He further said signs were changed at about this time. He did not testify nor was evidence produced that the signs were other than "official" or other than according to regulations on the date of his arrest.

In *Com. v. Brose,* 412 Pa. 276, 194 A. 2d 322, the Supreme Court said: "This appeal is before us on 'broad certiorari' and it is our duty to determine whether the findings of the court below are supported by competent evidence and that the lower court committed no error of law. First Bellefonte Bank v.

Myers, 410 Pa. 298, 301, 188 A. 2d 726 (1963).", and in considering the present appeal we are familiar with the case of *Com. v. Anspach,* 134 Pa. Superior Ct. 369, 4 A. 2d 203, which held that The Vehicle Code was penal in nature and therefore must be strictly construed.

The purposes and structure of The Vehicle Code were set forth in *Com. v. Bartley,* 411 Pa. 286, 191 A. 2d 673, as follows: "The Act of April 29, 1959, P. L. 58, §1002, as amended, 75 P.S. §1002, contains subsections (a), (b), (c), and (d). Subsections (a) through (c) establish maximum legal speeds, graduated according to the type of area and vehicle involved. In other words, these subsections *define* the various types of speeding offenses. Subsection (d), on the other hand, does not define the offense of speeding but, instead, prescribes the *methods* by which a speeding offense must be ascertained and the type of evidence necessary to prove such violation. See Sheehy Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 122, 127, 173 A. 2d 752, 754 (1961). These methods are: (1) In residential or commercial areas, by a measured stretch of not less than one-eighth of a mile, manned by peace officers at each end of the stretch; or (2) under any conditions by a peace officer following a vehicle and timing it on his speedometer for a distance of not less than one-quarter of a mile. Subsection (d) was amended by the Act of April 28, 1961, P. L. 108, §2, 75 P.S. §1002(d.1)(1) (1962 Supp.), which authorizes the use of radiomicrowave equipment in timing speed.

"Appellant takes the position that since the radar amendment is silent as to required distances of measurement, the legislature intended to incorporate in the amendment the minimum distances contained in the part of subsection (d) set forth above. We do not agree. An examination of the entire statutory scheme indicates that measurement by radar is merely another method by which speeding violations may be ascer-

tained and proved, and this method is separate and apart from the other two types of measurement." See also: *Fornwalt Motor Vehicle Operator License Case,* 203 Pa. Superior Ct. 411, 202 A. 2d 115.

The language of §1002(d.1), which was inserted by the 1961 amendment, reads as follows: "(d.1)(1). The rate of speed of any vehicle may be timed on any State highway, including the Pennsylvania Turnpike System, by officers of the Pennsylvania State Police through the use of radiomicrowaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

"(i) it is of a type approved by the secretary, and

"(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and

"(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation;

"(iv) the speed recorded is six or more miles per hour in excess of the legal speed limit.

"(2) The secretary shall have authority to appoint official stations for calibrating and testing radar apparatus, and may prescribe regulations as to the manner in which such calibrations and tests shall be made, and shall issue to such stations official inspection certificate forms.

"An official certificate from an official inspection station, showing that the calibration and tests required by this subsection were made within the required period, and that the radar apparatus was accurate or was adjusted for accuracy, shall be competent and prima facie evidence of the fact that such certificate was issued by an official inspection station appointed by the secretary and of the accuracy of the radar ap-

paratus in every proceeding where an information is brought charging a violation of this section.

"(3) The Secretary of Highways shall have the authority to establish, by rule and regulation,[1] the size, color and type of warning sign to be erected on the highways where radar is in use and to designate the intervals at which such warning signs are erected": Added April 28, 1961, P. L. 108, §2.

It is argued by the appellant that the only way to establish that the sign was erected in accordance with the law was by the offer of a certificate signed by the proper authority. We do not agree.

Section (d.1)(2) gives the secretary the authority to appoint testing stations for radar apparatus and further provides that an official certificate from an official inspection station shall be competent and prima facie evidence in every proceeding where an information is brought charging a violation of that section.

However, (d.1)(3) gives the secretary the authority to establish by rule and regulation the size, color and type of warning signs and to designate the intervals at which they are erected but there is no further provision providing for any official certificate or for any specific method by which the regulations of the

---

[1] The text of the regulations promulgated by the Secretary of the Department of Highways reads as follows: "100.1 Radar Warning Signs. Warning signs indicating that radar speed timing devices are in operation shall bear the legend 'Radar Enforced.'

"100.2 Erection of signs. The radar warning signs may be affixed to existing signs designating the prevailing speed limit, or may be erected separately within 400 feet of any existing speed limit sign, and shall be at intervals of not more than 10 miles." (Appearing in opinion of *Com. v. Lewis*, 82 Dauph. 153.)

"100.3 The size of each radar warning sign shall be at least 12 inches vertically by 24 inches horizontally, and shall have a white background with black-colored letters not less than 3 inches high." (Appearing in opinion of *Com. v. Edwards*, 12 Ches. Co. Rep. 296.)

secretary shall be proven in court. The only requirement is that the Commonwealth must prove "(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation." Therefore, oral testimony establishing such facts is competent and the credibility of such testimony is for the trial judge. In the present case there was the oral testimony of the trooper that signs bearing the legend "Radar Enforced" were posted in the area and that they were regulation, official signs and such testimony was not contradicted.

This testimony was bolstered by the presumption that the acts or duties of public officials have been properly performed in accordance with the law. It was said in *Tremont Twp. School District Appeal*, 366 Pa. 404, 409, 77 A. 2d 403, 406: "There is, moreover, a 'presumption that official acts or duties have been properly performed. . .': see Fleming v. Adamson, 321 Pa. 28, 37, 182 A. 518, and cases there cited. Cf. also Vernon Township v. United Natural Gas Co., 256 Pa. 435, 439, 100 A. 1007; and Beacom v. Robison, 157 Pa. Superior Ct. 515, 521, 43 A. 2d 640. The appellants have shown nothing to rebut that presumption."

Such was the condition here. The appellant has not rebutted the presumption that the signs described by the trooper were of the proper size, color and type required to be erected and that they were erected at the proper intervals. It follows that there was competent, credible evidence to support Judge Scheirer's findings and his determination of the credibility of the witnesses are as binding upon us as the verdict of a jury when supported by competent evidence: *Com. v. Bartley*, supra.

The cases cited by the appellant can all be distinguished. Thus in *Com. v. Brose*, supra, there was no evidence at all to show that official signs had been erected and it was held that the trial judge could not

take judicial notice of the actual existence of such signs. A similar situation existed in *Gibson License,* 36 Pa. D. & C. 2d 476. Other cases of like effect were *Com. v. Auman,* 60 Schuylkill L.R. 206; *Com. v. Stauffer,* 25 Beaver 97; *McClelland's License,* 36 Pa. D. & C. 2d 378; *Alpers Auto. License Case,* 16 Bucks 201. In *Com. v. Taylor,* 38 Pa. D. & C. 2d 749, the testimony of the arresting officer was shaken on cross-examination and not accepted by the trial judge, which was also the situation in *Lucas Appeal,* 11 Chester Co. Rep. 346. In *Com. v. Perdok,* 411 Pa. 301, 192 A. 2d 221, the only evidence offered by the Commonwealth was the wrong type of certificate and in *Com. v. Edwards,* 12 Chester Co. Rep. 296, the evidence clearly showed that the sign did not comply with the regulations of the secretary.

On the other hand, Judge WOODSIDE in the body of his opinion in *Fornwalt Motor Vehicle Operator License Case,* supra, and in a footnote lists many cases where radar warning signs were properly proven. See also *Com. v. Holte,* 209 Pa. Superior Ct. 498, 229 A. 2d 16.

It follows that the Commonwealth has met the burden of proof as required by the provisions of §1002 (d.1) (1) of The Vehicle Code and that the order of the court below must be affirmed.

Order affirmed.

JACOBS and HOFFMAN, JJ., would reverse and discharge the defendant.