## Commonwealth v. Wheatley

650

*Robert M. Kemp,* District Attorney, for Commonwealth.

*Cox, Wilcox, Owlett & Lewis,* for defendant.

WEBB, P. J., December 4, 1968.—This matter comes before the court on a waiver of hearing before a justice of the peace. Defendant was charged with speeding contrary to section 1002, subsec. (b), paragraph 6 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002. This is a radar case and the Commonwealth seeks to support the charge under subsection (d.1) (1) of the same act, article and section, as amended April 28, 1961, P. L. 108.

At the hearing before the court, Officer McConnell, a member of the Pennsylvania State Police, testified that on July 16, 1968, he had set up a radar unit on Route 6, about four miles west of Mansfield, Tioga County, Pa.; that he tested his equipment with tuning forks; that about 9:50 p.m. he checked defendant's car on his radar screen traveling at a speed of 75 miles per hour. He further testified that there was a sign about 200 feet west of the bridge in Mansfield Borough which stated the speed limit was 55 miles per hour, for trucks 45 miles per hour, and attached to the speed limit sign was another sign stating "Radar Enforced". He further testified there was another such speed sign at the intersection of Routes 6 and 660 which also had a sign attached, marked "Radar Enforced". The Commonwealth offered in evidence a

certificate showing that the radar equipment had been tested for accuracy within 30 days prior to the arrest. This was substantially all of the Commonwealth's proof.

At the conclusion of the Commonwealth's case, counsel for defendant demurred to the evidence as not complying with all of the provisions of the 1961 radar amendment. The demurrer was overruled. After defendant had put in his case, defendant moved for an arrest of judgment.

The question before us is to decide whether or not the Commonwealth did establish all the elements required to sustain a conviction under the 1961 amendment. We do not think that it has and that the motion in arrest of judgment should be sustained.

The 1961 amendment provides as follows:

"(d.1) (1). The rate of speed of any vehicle may be timed on any State highway, including the Pennsylvania Turnpike System, by officers of the Pennsylvania State Police through the use of radiomicrowaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

(i) it is of a type approved by the secretary, and

(ii) it has been calibrated and tested for accuracy and found accurate or adjusted for accuracy within a period of thirty days prior to the alleged violation, and

(iii)) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation.

(iv) the speed recorded is six or more miles per hour in excess of the legal speed limit.

"(2) The secretary shall have authority to appoint official stations for calibrating and testing radar apparatus, and may prescribe regulations as to the man-

ner in which such calibrations and tests shall be made, and shall issue to such stations official inspection certificate forms.

"An official certificate from an official inspection station, showing that the calibration and tests required by this subsection were made within the required period, and that the radar apparatus was accurate or was adjusted for accuracy, shall be competent and prima facie evidence of the fact that such certificate was issued by an official inspection station appointed by the secretary and of the accuracy of the radar apparatus in every proceeding where an information is brought charging a violation of this section.

"(3) The Secretary of Highways shall have the authority to establish, by rule and regulation, the size, color and type of warning sign to be erected on the highways where radar is in use and to designate the intervals at which such warning signs are erected".

It has been held that the Commonwealth has the burden of proving all the elements of its case by competent evidence: Commonwealth v. Brose, 412 Pa. 276; Commonwealth v. Perdok, 411 Pa. 301. Prerequisite (i) has provided in the above-quoted amendment "it is of a type approved by the secretary". There is not a scintilla of evidence in the testimony that shows that the radar device used by Officer McConnell was one approved by the secretary.

In the case of the Commonwealth v. Perdok, supra, conviction was set aside by the Supreme Court for the sole reason that the Commonwealth failed to prove by competent evidence that the radar device here was one approved by the Secretary of the Commonwealth. Failure to prove prerequisite (i) is fatal to the Commonwealth's case.

We do not feel that the Commonwealth has offered sufficient evidence to show that it has complied with

prerequisite (iii), which provides that official warning signs have been erected on the highway by the proper authority indicating that radar is in operation. Officer McConnell in his testimony only testified that there were signs giving the speed, with the additional sign that radar was enforced. There is not a bit of testimony to show these were official signs or were in accordance with the rules and regulations of the Secretary of Highways in regard to size and color.

In the case of the Commonwealth v. Kubelius, 209 Pa. Superior Ct. 535, at page 536, the officer therein testified that the signs bearing the legend "Radar Enforced" were posted in the area and were regulation official signs of uniform size which were measured when installed at the time radar was authorized. This was held sufficient by the Superior Court and put the burden upon defendant of disproving that they were not official.

In our case, there was no such testimony but only, as pointed out above, that there were signs. We feel it would be much better practice if the officer were prepared to testify as to the location of the signs, their size and color, and that they were in accordance with the rules and regulations of the Secretary of Highways, as set forth in a footnote to Commonwealth v. Kubelius, supra, as follows:

"The text of the regulations promulgated by the Secretary of the Department of Highways reads as follows: '100.1 Radar Warning Signs. Warning signs indicating that radar speed timing devices are in operation shall bear the legend "Radar Enforced".

" '100.2 Erection of Signs. The radar warning signs may be affixed to existing signs designating the prevailing speed limit, or may be erected separately within 400 feet of any existing speed limit sign, and shall be at intervals of not more than 10 miles'. (Appearing in opinion of Com. v. Lewis, 82 Dauph. 153.)

" '100.3 The size of each radar warning sign shall be at least 12 inches vertically by 24 inches horizontally, and shall have a white background with black-colored letters not less than 3 inches high'. (Appearing in opinion of Com. v. Edwards, 12 Ches. Co. Rep. 296.)"

For these reasons, we feel that defendant's motion in arrest of judgment should be sustained.

### ORDER

And now, December 4, 1968, defendant's motion in arrest of judgment is sustained and the case dismissed.