## Commonwealth v. Levin

*Marshall Grabois, Assistant District Attorney,* for Commonwealth.

*Jack E. Levin,* for defendant.

TREDINNICK, *J.,* October 23, 1974—Defendant was convicted of speeding by a district justice on January 21, 1974, and appealed to this court. After a hearing on September 4, 1974, he was again convicted, and sentenced to pay a fine of $15 and costs. His appeal to the Superior Court necessitates this opinion.

At approximately 2:50 a.m., November 17, 1973, while patrolling a gasoline station, Officer Pasquale Cozzone of the Lower Merion Township Police observed defendant proceeding west at a high rate of speed on Montgomery Avenue, Lower Merion Township, Montgomery County. Officer Cozzone, initially travelling 5 m.p.h., pursued defendant one-tenth of a mile before beginning to clock his speed. For the next five-tenths of a mile officer Cozzone clocked defendant at 60 m.p.h. in a posted 35 m.p.h. zone, whereupon defendant was stopped and issued a citation. Block No. 40 of the citation states,

"Followed—1/10," while block No. 41 contains "Timed —½." Block No. 46 states, "Equip. No.—1.24." An official certificate indicated that the speedometer of Officer Cozzone's patrol car had been tested for accuracy within 30 days prior to defendant's violation.

Defendant was charged with violation §1002(b)(4) of The Vehicle Code of April 29, 1959, P. L. 58, as amended (75 P.S. §1002(b)(4)) which, inter alia, proscribes driving faster than 35 miles per hour in highway zones properly posted with speed limit signs.

We note initially that defendant's conviction was proper based upon his own testimony that he had been driving at 45 m.p.h. in a 35 m.p.h. zone. Nevertheless, we will consider briefly his contentions of error.

Defendant alleges defects in the citation issued him by Officer Cozzone. These purported defects concern blocks nos. 40 and 46. Regarding block No. 40 ("Followed—1/10"), defendant contends he was followed six-tenths of a mile, making the officer's notation of "1/10" incorrect. Testimony of Officer Cozzone was indeed that he followed defendant a total distance of six-tenths of a mile, the last five-tenths of which was utilized for clocking defendant. This latter distance, set forth in block No. 41 of the citation, is the crucial distance. Under §1002(d)(1) of The Vehicle Code (75 P.S. §1002(d)(1)), in order to base a conviction for speeding upon a police officer's use of his speedometer, the officer must have clocked the accused for a minimum of one-fourth of a mile. Notwithstanding the initial speed of 5 m.p.h., Officer Cozzone was able to attain 60 m.p.h. and properly clock defendant for one-half of a mile, more than the required distance.

We are uncertain of the exact purpose of block No. 40. It could mean either the distance followed prior to clocking or the total distance defendant was followed prior to being stopped. Of course, there was no error

if the former is true. However, even assuming the latter proposition to be correct, we do not consider this as sufficient ground to negate the proceedings. Defendant was not misled, nor was it likely that he could have been misled by the error alleged. Nor do we consider the fact that the patrol car was listed as "Equip. No.-1.24" in block No. 46, when in fact, the car was numbered "24" to be a fatal defect. The number 1.24 is apparently used as its designation when it is being repaired by the township's maintenance shop.

Finally, Officer Cozzone testified that the distance between the speed limit signs on Montgomery Avenue complied with the statutory requirements of §1002(b) (4), supra. "This testimony was bolstered by the presumption that the acts or duties of public officials have been properly performed in accordance with the law.": Com. v. Kubelius, 209 Pa. Superior Ct. 535, 540 (1967). This shifts "to defendant the burden of going forward with evidence to show that the signs did not comply with regulations.": Com. v. Milosevich, 28 Somerset 109, 111 (1973). Defendant has shown nothing to rebut the presumption.

Accordingly, the conviction was proper.