## Commonwealth v. Cole

*James A. Meyer, District Attorney,* for Commonwealth.

*Gordon J. Daghir,* for defendants.

GREINER, *P. J.,* December 17, 1976 — Each of the above named defendants has appealed from the decision of Justice of the Peace Daniel T. Brahaney, Esquire, finding each in violation of section 1028(a) of The Vehicle Code (Code) of April 29, 1959, P.L. 58, as amended, 75 P.S. §1028(a), and imposing the statutory mandated fine of $25 and $10 cost. The pertinent section of the Code reads as follows:

"It shall be unlawful for the driver or operator of any vehicle, streetcar, or trackless trolley omnibus to disobey the directions of any traffic signal or signs placed in accordance with the provisions of this act unless otherwise directed by a peace officer."

It was stipulated by counsel that all appeals be consolidated for trial. Counsel further stipulated that the arresting officer, Corporal William Wetzel, of the Pennsylvania State Police, in his capacity as such police officer, was on duty and in full uniform on October 26, 1976 at the time of the arrests which occurred during the period of approximately 6:10 a.m. to 7:30 a.m.; that the alleged violations occurred one-half mile south of the Borough of Ridgway on a public highway designated Pennsylvania Legislative Route 59 and U.S. Route 219 in Elk County, Pennsylvania; that on the date and time in question each defendant whose identity was admitted was operating a truck in a northerly direction on said highway which truck weighed in excess of 7000 pounds gross weight; that Corporal Wetzel stopped and weighed each of said trucks

just north of a traffic sign posted on the right hand side of said highway when proceeding north, which sign prohibited trucks over 7000 pounds gross weight beyond that point and that Corporal Wetzel determined each truck to weigh in excess of 7000 pounds gross weight; that Corporal Wetzel issued a citation to each defendant for violation of section 1028(a) of the Code for operating his vehicle beyond the aforementioned sign; that the ownership of each vehicle is as stated in the citation; that each of the vehicles had stopped south of the place of arrest generally known and referred to as the mandatory "truck pull off" approximately opposite the Royal Drive-In at the top of "Boot Jack Hill" leading into the Borough of Ridgway and that there were no such signs prohibiting trucks weighing in excess of 7000 pounds posted on the right hand side of said highway when proceeding south.

Corporal Wetzel, as the Commonwealth's only witness, identified the location and the character of each sign relating to the above prohibition for north bound truck traffic as posted on said route 219 from its intersection with township road 440 to its intersection with Legislative Route 99. He also stated that all of the signs prohibited only trucks in excess of 7000 pounds gross weight and that any other type of vehicle, including school buses, could travel this prohibited area in a north-bound direction even if they weighed in excess of 7000 pounds gross weight.

The Commonwealth also offered in evidence under the certification and seal of the Department of Transportation, Commonwealth of Pennsylvania, a "full, true and correct copy of a weight limit restriction approval for a portion of L.R. 59 (U.S. 219) in Elk County." Because of objection to its admission by defense counsel decision was re-

served. We now hold that the objections are over-ruled and the above-referred-to document identified as Commonwealth's Exhibit 1 is admitted into evidence. The actual weight limit restriction approval was signed by the Director, Bureau of Traffic Engineering for William H. Sherlock, P.E., Secretary of Transportation, under date of August 5, 1976. By section 206 of the Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §66, the Secretary of Transportation is authorized, as its head officer, to have his deputy, or duly authorized agent or employe of the department, to perform the duties by law vested in and imposed upon the department. Likewise even though the certification cover sheet describes the weight limit restriction approval in general terms as "a portion of L.R. 59 (U.S. 219) in Elk County" it is sufficiently clear and definitive to include the more explicit weight limit restriction which describes the area involved as follows:

| "Via | From Sta. | Int. |
|------|-----------|------|
| L.R. 59 | 690+00 | Twp.Rd.440 |
| To Sta. | Int. | Wt. Limit |
| 769+60 | L.R.99 | 3½ Ton (Northbound only)" |

By reason of our holding hereinafter set forth it is not necessary to rule on the third objection which was that the Secretary had no authority under section 1101(b) of the Code to impose a weight restriction on trucks only operating on the described section of the highway in a northerly direction and not impose a similar restriction on trucks operating in a southerly direction.

We also note that the admission of Commonwealth's exhibit No. 1 was supported by the legislative authority of section 1224 of the Code which provides:

"Any certified copies, or certified photostatic

copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence."

At the close of the Commonwealth's case defense counsel moved the court to dismiss the charges against each of the defendants for the reason that the Commonwealth had not proved all of the elements in support of the alleged violations. Specifically, defense counsel based his motion on the failure of the Commonwealth to prove that the Secretary had complied with section 1101(b) of the Code by finding it "whenever necessary" to impose such weight limit restriction. We do find as a fact that all of the pertinent signs to which Corporal Wetzel referred were official signs based on his testimony and the absence of refutation by the defendants. There also is no question as to the signs being appropriately posted. However, Commonwealth's exhibit No. 1, being the certified true copy of the weight limit restriction, made no reference to the necessity for such restriction. We are compelled to agree that such is an element to be proven by the Commonwealth. In Commonwealth v. James Y. Woosley, CCP of the 59th Judicial District, County Branch Elk, Criminal, No. 67 of 1975, although factually different from the case at bar, this court held that the failure of the Commonwealth to prove that the Secretary of Highways had established a lower speed limit "after due investigation" was fatal and the Commonwealth had failed to prove all of the elements necessary to sustain a conviction. In that opinion and

order dated December 18, 1975 we reasoned: "For practical purposes it is recognized that the arresting officer would not personally have any knowledge of whether or not any prior investigation was made, but as so many other elements of such radar arrests are proven, i.e. by certificates issued by the Department of Transportation evidencing such compliance, a simple statement included in any of the 'sets' of certificates indicating that the Secretary had made prior investigations would easily meet this requirement." We adopt the same reasoning in the instant case.

Section 1101(b) of the Code provides as follows:

"Whenever necessary for the protection of any highway or the safety of traffic thereon, the Secretary of Highways of this Commonwealth, or local authorities, may also, by ordinance or resolution or rule, prohibit the operation of motor vehicles, trailers, or semi-trailers on designated highways, as to the weights and loads thereon, which prohibitions and limitations shall be designated by official signs placed on such highways at their intersections with highways on which heavier loads are permitted, except that local authorities shall have no power or authority to prohibit the operation of vehicles upon a State highway without first obtaining the consent of the Secretary of Highways."

By appropriate legislation the Secretary of Highways referred to in the above section is now designated Secretary of Transportation.

It is evident that the Legislature in both the section referred to in the Woosley's decision, supra, and the above-quoted section, intended that such deliberate and far reaching action on the part of the Secretary of Transportation be permitted in the one case, "after due investigation" and in the instant case, "[w]henever necessary."

The Commonwealth urges that Commonwealth

v. Kubelius, 209 Pa. Superior Ct. 535, 232 A. 2d 39 (1967), is controlling. That case related to a speed violation determined by radar and held, as we have here, that the oral testimony establishing that the signs were official signs was sufficient and also that the "testimony was bolstered by the presumption that the acts or duties of public officials had been properly performed in accordance with the law." Such presumption attached to and supported the testimony relating to the signs. In the case before us there was no testimony nor statement nor any allusion to the "[w]henever necessary" portion of the section under which the Secretary purported to establish the restricted weight limit for trucks. Had there been, and no testimony received to contradict same, the court would be compelled to invoke the presumption referred to.

We, therefore, make the following

## ORDER

Now, December 17, 1976, the motion to dismiss as to each of the above named appellants is granted. The charge is dismissed and the appeal is sustained as to each of the above named Appellants with costs on the County of Elk.