## Commonwealth *v.* Anspach, Appellant.

370

Argued December 16, 1938.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Vincent J. Dalton,* for appellant.

*C. W. Staudenmeier,* Assistant District Attorney,
with him *C. A. Whitehouse,* District Attorney, for ap-
pellee.

Opinion by Rhodes, J., January 31, 1939:

Appellant was found guilty by the court below of the
violation of section 1002(b) 4, of "The Vehicle Code,"
Act of May 1, 1929, P. L. 905, as finally amended by
section 2 of the Act of June 5, 1937, P. L. 1718, 75
PS §501(b) 4, and sentenced to pay a fine of $10 and
costs. Section 1002(b) 4, as amended, reads as fol-
lows: "Twenty-five (25) or thirty-five (35) miles an
hour speed limit: All vehicles, except those restricted
by this act to lower maximum speeds, within business
or residence districts, where official signs, erected by
the proper authorities, on the right-hand side of the

highway facing the traffic to be controlled, or on the left-hand side of one-way streets, are displayed. This limit shall be observed for a distance beyond said sign for not more than one-eighth (1/8) of a mile. An additional sign shall be placed at intervals not greater than one-eighth (1/8) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

On information the alderman issued a summons and forwarded the same to appellant, together with an alleged copy of the information. Appellant alleges that the copy of the information received was not an exact copy of the information filed. Although this is true, the variance is immaterial in so far as this appeal is concerned. Moreover, after receipt of the summons and copy of the information appellant appeared before the alderman, waived a hearing and entered bond for appearance in the Court of Quarter Sessions of Schuylkill County. The case came on for hearing before a judge of that court. Appellant's motion to quash the proceedings was refused. After the presentation of Commonwealth's evidence, appellant moved that he be adjudged not guilty, and gave as one of the grounds that the Commonwealth had failed to show the location of the signs as prescribed by the Act of Assembly. 75 PS §501(b) 4. Appellant was adjudged guilty, and sentenced; whereupon he took this appeal.

Any person violating section 1002(b) 4 "shall, upon summary conviction before a magistrate, be sentenced to pay a fine of ten ($10) dollars and costs of prosecution, and, in default of payment thereof, shall undergo imprisonment for not more than five (5) days." 75 PS §501. This statute is penal in nature, and therefore it must be strictly construed. *Commonwealth v. Wolfgang,* 120 Pa. Superior Ct. 252, 255, 182 A. 109. Commonwealth's testimony established that on February 8,

1938, appellant was operating his automobile on West Market Street in the City of Pottsville, at 40 miles an hour,[1] and that this was a residential district. Commonwealth witnesses testified that they were operating a speed trap. But there is absolutely no testimony that 25 mile official speed limit signs were erected on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side of the street if it was a one-way street, or facing the direction in which appellant was proceeding. If the signs had been placed in accordance with the provisions of the statute, proof should have been made. The statute prescribes the procedure to be followed before an operator of a motor vehicle may be found guilty of the violation of the section of the act in question. The placing of the official signs on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side if a one-way street, is a condition precedent to prosecution for violation of section 1002(b) 4. Commonwealth failed to show that such signs were so erected or whether the street was a one-way or two-way street. If the required signs had not been erected as prescribed by this section, it is obvious that appellant could not be found guilty of a violation thereof. The erection and display of the signs as prescribed are primary requisites. The speed limitation only applies to the limited zone so marked. In the absence of proof that a zone was so marked, it cannot be established that appellant violated this section (1002(b) 4) of the act. Although appellant offered no evidence, the burden of proof of the alleged violation by appellant was on the Commonwealth. As it failed to establish all of the necessary factual elements to show a violation by appellant of section 1002(b) 4, his conviction cannot be sustained.

Judgment is reversed, and defendant is discharged.

---

[1] See sections 1002(b) 5 and 1002(d) of "The Vehicle Code," 75 PS §§501(b) 5, 501(d).