## Commonwealth v. Mummert

*Judson E. Ruch*, for appellant.

*Arthur Markowitz*, Special Deputy Attorney General, for Commonwealth.

ANDERSON, J., January 13, 1950.—In this appeal from the order of the Department of Revenue suspending appellant's license for speeding, the sole question raised is whether an officer can legally clock or time an automobile for speeding under The Vehicle Code of May 1, 1929, P.L. 905, when there is an intervening car constantly between the officer and the car allegedly clocked, whose driver is charged with the offense. The

answer must be in the negative for the law is very clear that the car must be timed for a distance of not less than a quarter of a mile by an officer using a motor vehicle equipped with a proper speedometer. This unquestionably means that the particular car in question must be specifically timed and it is literally impossible to do this when another car intervenes between the officer's car and the one under the officer's surveillance. Actually in this case the officers were timing the intervening car and concluded that since appellant's car was immediately ahead of the car which they were timing at an illegal speed, that the second car too must have been exceeding the speed limit. To permit one to be convicted of speeding in this manner and consequently have his license suspended therefor would be improper and highly dangerous, particularly where as in this instance the incident occurred at night time, about 2:30 a.m. There are too many vehicles to be taken into consideration, including the varying distances between the two cars, the fact that at times the second car would almost necessarily be obscured from the officers' view by the intervening car and many other factors. In addition the appellate courts have consistently ruled that the statute governing speeding is penal in nature and must be strictly construed: Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252; Commonwealth v. Anspach, 134 Pa. Superior Ct. 369. If two cars in a traffic line can be timed at once by the same officer then why not three, five or ten in a traffic line which would lead to an absurd result. We therefore hold that to convict one of violating the 50-mile-an-hour speed limit as provided by The Vehicle Code, it is necessary to time the vehicle for at least one-fourth mile without any other vehicle intervening between the timing officer and the vehicle being timed, and direct the following order to be entered:

And now, to wit, January 13, 1950, the appeal of Robert Henry Mummert is therefore sustained and the order of the Department of Revenue suspending appellant's operator's license is revoked.