## Commonwealth v. Beidler

*John A. Harris*, for appellant.
*Richard M. Sharp*, for Commonwealth.

CAMPBELL, P. J., January 23, 1961.—This is an appeal from a summary conviction in which defendant was found guilty of traveling 45 miles per hour in a 35 mile per hour speed limit zone contrary to article 10, sec. 1002, subsec. (*b*) (4), of The Vehicle Code of

April 29, 1959, P. L. 58, as amended, 75 PS §1002, (*b*)-(4). The section involved herein reads as follows:

"(b) . . . speeds in excess of the maximum limits hereinafter provided shall be unlawful: . . . (4) Twenty-five (25) or thirty-five (35) or forty (40) miles an hour speed limit: All vehicles, except those restricted by this act to lower maximum speeds, within business or residence districts, or public park areas, where official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled, . . . This limit shall be observed for a distance beyond said sign for not more than one-eighth (⅛) of a mile. An additional sign shall be placed at intervals not greater than one-eighth (⅛) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

The petition for the allowance of the appeal avers that (a) the signs posted by the municipal authorities were not spaced in accordance with the Act of Assembly in that they were in excess of one-eighth of a mile apart; (b) that the justice of the peace refused to allow defendant to offer testimony that the speedometer in the police officer's motor vehicle was inaccurate and (c) that the justice of the peace refused to subpoena the individual who had tested the speedometer and issued the official certificate of accuracy.

The matter was heard de novo on October 11, 1960. At this hearing defendant was given the opportunity to offer testimony with respect to the accuracy of the speedometer in the police officer's motor vehicle and the person who personally tested the speedometer on said vehicle was present in court and testified. The court finds as a fact that the speedometer in the police officer's motor vehicle was accurate and so tested within a period of 30 days prior to alleged violation, that

the police officer timed the speed of defendant for a distance in excess of one-quarter of a mile, and that defendant was traveling in excess of 35 miles per hour during this time. By these findings we have disposed of objections (*b*) and (*c*) above, and the question to be decided in this opinion is whether or not a conviction can be upheld in view of the manner in which the municipality posted the signs required by the vehicle code above quoted.

Defendant was traveling east on Route 322 as it enters and passes through the Borough of State College. At or near the borough limits, an official 35 miles per hour speed limit sign is erected. The second sign is located 610½ feet beyond this point; the third sign is spaced 655.2 feet beyond the second; the fourth sign was placed 664 feet beyond the third; the fifth sign was placed 660 feet beyond the fourth sign; the sixth sign was placed 676.6 feet beyond sign number 5; the seventh sign was placed 653.5 feet beyond the sign number 6; the eighth sign was placed 676.5 feet beyond sign number 7. Beyond this point there is no testimony, and the location of subsequent signs are immaterial in arriving at the decision of this case. Signs numbers 2, 3, 5 and 7 comply with the act of assembly in that they were erected at intervals not greater than one-eighth of a mile or less than 660 feet. Signs 4, 6 and 8 do not comply with the act of assembly in that they have been placed at intervals greater than one-eighth of a mile.

Distances between the signs were determined by a registered professional engineer by measuring at the center line of the outside lane of traffic.

The police started pursuit on the highway between signs 2 and 3 and at no time during the pursuit were there two consecutive intervals between posted signs where the signs were spaced one-eighth of a mile or less apart. In other words, where one interval was one-

eighth of a mile or less, the next adjoining interval exceeded one-eighth of a mile.

The Commonwealth offered testimony that defendant was traveling 45 miles per hour between signs 6 and 7 which are spaced less than one-eighth of a mile apart. This the court finds as a fact. The Commonwealth's contention, therefore, is that the conviction should be upheld on the theory that if defendant exceeds the speed limit between two signs which are properly spaced, then it is unnecessary to show that the remaining signs in the particular zone are properly spaced. They also contend that it is unnecessary to show that defendant exceeded the speed limit for the distance of one-quarter of a mile. Defendant, on the other hand, contends that his conviction should be reversed for the reason that unless the signs in the entire zone are properly spaced, then no speed limit zone is legally established, and he could not be found guilty, and secondly, because it was not shown that he exceeded the speed limit for a full one-quarter of a mile in a zone which was properly posted.

Two questions are squarely raised:

We shall first devote our attention to the question of whether or not a defendant can be found guilty of violating a speed limit in a restricted zone when municipal authorities have failed to install the signs in accordance with the provisions of the vehicle code.

We must start with the established fact that we are dealing with a penal statute which must be strictly construed: Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252; Commonwealth v. Annspach, 134 Pa. Superior Ct. 369.

Proof of the erection and display of the official signs as prescribed in The Vehicle Code is a condition precedent to a prosecution for the violation of article 10, sec. 1002, subsec. (b) (4) : Commonwealth v. Annspach, supra.

The Commonwealth offered in evidence as exhibit 1 a draft or survey indicating the location of the signs as are previously set forth in this opinion. No two successive signs complied with the mandates of the appropriate section of the vehicle code. As we read the code, no latitude is given, the act specifically states that signs must be placed at intervals not greater than one-eighth of a mile. Furthermore, in reading the code we come to the conclusion that only one zone is contemplated with a beginning and an ending sign indicating the end of the limited zone. It does not consist of a number of consecutive individual zones incorporated between the beginning and ending signs. While we are reticent to decide this case on a purely technical ground, we feel compelled to do so by reason of the wording of the act of assembly. The act specifically requires that the signs must be placed at intervals *not greater than one-eighth of a mile*. No room for reasonable discretion is provided. In simple English the statute states that the signs must not exceed one-eighth of a mile apart. We feel impelled to state, however, that the same conclusion might not be obtained if this reasoning were extended to a state of facts other than those existing in this case.

We would call to the attention of the municipal officials involved that the speed limit signs in question should be corrected and that care should be taken to comply with the Act of Assembly in the erection of all signs controlling vehicular traffic.

Having so held, we see no need to adjudicate the further question as to whether or not a defendant must exceed the speed limit continuously over the full disstance of one-quarter of a mile.

And now, to wit, January 23, 1961, defendant is found not guilty, costs to be paid by the County of Centre, and the prothonotary is directed to return to the defendant the cash bail posted.