## Commonwealth v. Pluta

*Alan D. Williams, Jr.,* for appellant.

*Jack Sirott,* for Commonwealth.

MONROE, J., November 3, 1961.—From the evidence taken before us at a hearing de novo on the appeal of June Schuler Pluta from an order of the Secretary of Revenue suspending her motor vehicle operating privileges, we make the following

### Findings of Fact

1. Appellant, June Schuler Pluta, resides at 1323 Loblolly Street, Trevose, Bucks County, Pennsylvania, and for 14 years prior to March 22, 1960, has been a licensed operator of automobiles.

2. On March 22, 1960, appellant was arrested near the intersection of Philmont and Bustleton Avenues in Lower Southampton Township, Bucks County, Penn-sylvanian, charged with speeding, a violation of sec-

tion 1002(b)·(4) of The Vehicle Code of April 29, 1959, P. L. 58. The fine and costs were paid.

3. After hearing, on or about November 8, 1960, the Department of Revenue suspended appellant's operator's license for a period of one month from November 29, 1960, on the grounds that appellant had violated section 1002(b)(4) of The Vehicle Code of April 29, 1959, speeding.

4. On November 29, 1960, upon consideration of a petition for appeal from order of Secretary of Revenue suspending operator's license, this appeal was allowed and a supersedeas of the suspension order issued.

5. At the hearing de novo before us on March 10, 1961, police officer Richard E. Henshaw testified that in a Lower Southampton Township police car he clocked appellant for a distance of one quarter of a mile, in a 25 mile an hour speed zone, on Philmont Avenue, at a speed of 50 miles an hour.

6. No proof was offered that the vehicle which Officer Henshaw was operating was equipped with a speedometer tested for accuracy within a period of 30 days prior to the alleged violation, and the officer admitted that he had no proof thereof.

7. No proof was offered that 25 mile official speed limit signs were erected, by the proper authorities, on the right-hand side of the highway facing traffic at one-eighth of a mile intervals.

8. Appellant offered no evidence.

## Discussion

The suspension order of the Secretary of Revenue must be vacated.

Section 1002(d)(1) of The Vehicle Code of April 29, 1959 provides in part:

"When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided

in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth ($\frac{1}{8}$) of a mile in length or, under any conditions, the rate of speed may be timed, for a distance of not less than one-quarter ($\frac{1}{4}$) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation."

The Commonwealth has failed to make out a case on two grounds. Since the rate of speed was timed by one police officer for a distance of one-quarter of a mile, it was essential for the Commonwealth to prove that the speedometer in the vehicle of the arresting officer had been tested for accuracy within a period of thirty days prior to the alleged violation as the law requires. Commonwealth v. Haas, 33 D. & C. 143 (1938); Commonwealth v. Loos, 67 D. & C. 586 (1949); Buck Automobile License Case, 40 Berks, 29, 30 (1947); Commonwealth v. Arcara, 81 D. & C. 42 (1952). The Commonwealth offered no evidence whatsoever of the accuracy of the speedometer in the vehicle operated by the arresting officer.

In addition, in a prosecution under section 1002(b)-(4), the erection and display of the signs as prescribed are primary requisites:

"(b) . . . speeds in excess of the maximum limits hereinafter provided shall be unlawful: . . .

"(4) Twenty-five (25) or thirty-five (35) or forty (40) miles an hour speed limit: All vehicles, except those restricted by this act to lower maximum speeds, within business or residence districts, or public park

areas, where official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side of one-way streets, are displayed. This limit shall be observed for a distance beyond said sign for not more than one-eighth ($\frac{1}{8}$) of a mile. An additional sign shall be placed at intervals not greater than one-eighth ($\frac{1}{8}$) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

In an appeal from a hearing in the court of quarter sessions for a motor vehicle violation, the court in Commonwealth v. Anspach, 134 Pa. Superior Ct. 369 (1938) had this to say on page 372:

". . . The speed limitation only applies to the limited zone so marked. In the absence of proof that a zone was so marked, it cannot be established that appellant violated this section (1002(b)4) of the act. Although appellant offered no evidence, the burden of proof of the alleged violation by appellant was on the Commonwealth. As it failed to establish all of the necessary factual elements to show a violation by appellant of section 1002(b) 4, his conviction cannot be sustained."

The only evidence which the Commonwealth introduced pertaining to the required signs was that the legal speed limit on the road in the area in question at the time of the offense was 25 miles an hour. There was no evidence introduced that the signs required in section 1002(b) (4) were erected at a distance of no more than one-eighth of a mile apart, or erected at all. Without such evidence, the conviction and hence the suspension cannot stand. Commonwealth v. Beidler, 24 D. & C. 2d 352 (1961).

The fact that a fine was paid in the summary proceedings following appellant's arrest is not binding

upon us. Handwerk Automobile License Case, 348 Pa. 263 (1944); Commonwealth v. Cooper, 11 Bucks 4, 6 (1961).

### Order

And now, November 3rd, 1961, the within appeal of June Schuler Pluta from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending her operating privileges is sustained and the order of the Secretary of Revenue is vacated.