## Commonwealth v. Conlon

*Samuel Halpren*, for Commonwealth.

*Stinely & Mitman*, for defendant.

RILEY, J., January 15, 1963.—Defendant is charged with violation of section 1002(b) (4) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002, providing for limitations of speed in business and residential areas to 25, 35 or 40 miles per hour with the posting of appropriate signs at maximum intervals of one-eighth

mile each. As a result of waiver of hearing before the justice of the peace, the matter came before us for hearing. The State trooper testified as to defendant being clocked for a distance of one mile at 44 miles per hour in a 35 mile zone. The appropriate speedometer accuracy certificate was admitted and at the conclusion of the Commonwealth's case motion was made for dismissal on the ground that the Commonwealth had proved only that 35 mile per hour signs had been posted but had failed to present any evidence whatever as to the type or character of the area in which posted. Ruling was reserved. Defendant testified and denied speeding beyond the posted limits. From all of the evidence presented, we find the officer's testimony to be credible and that defendant did exceed the posted limits as charged. The sole question presented here is whether the Commonwealth must prove the nature of the area to be residential or business or park and other requirements of section 1002(b) (4) of The Vehicle Code in order to warrant a conviction of defendant for violation of that section.

Subsection (b) provides:

"Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful."

And subsection (4) of subsection (b) states:

"Twenty-five (25) or thirty-five (35) or forty (40) miles an hour speed limit: All vehicles, except those restricted by this act to lower maximum speeds, within business or residence districts, or public park areas, where official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side of one-way streets, are displayed. This limit shall be observed for a distance beyond said sign for not more than one-eighth ($\frac{1}{8}$) of a mile. An additional sign shall be placed at intervals not greater than one-eighth ($\frac{1}{8}$) of a mile,

and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

An examination of subsection (b) above clearly indicates the following facts necessary in order to constitute an offense. There must be a business, residential or park area; there must be proper signs posted no farther apart than one-eighth of a mile on the side of the road facing traffic to be controlled and there must be a speed in excess of the posted limit properly determined. The burden is upon the Commonwealth to prove each and every element to constitute the offense charged and we find that two basic elements remain unproved in this case.

The law is quite clear, under the principle above cited, that the Commonwealth must affirmatively prove that signs so posted were in fact no more than one-eighth of a mile apart. Judge Rhodes in Commonwealth v. Anspach, 134 Pa. Superior Ct. 369, 372, states in this regard:

"The erection and display of the signs as prescribed are primary requisites. The speed limitation only applies to the limited zone so marked. In the absence of proof that a zone was so marked, it cannot be established that appellant violated this section (1002(b)-(4)) of the act."

The Superior Court determined in that case that the failure of the Commonwealth to prove affirmatively that 25 mile limit signs were erected on the right hand side of the road facing the direction in which the defendant was driving had failed to prove a necessary condition to the offense charged. Following this precedent, the Centre County court in Commonwealth v. Beidler, 24 D. & C. 2d 352, held that, where the Commonwealth's evidence disclosed that three of eight

speed limit signs were spaced in excess of one-eighth of a mile apart, an essential condition of the section had not been established to sustain a conviction. The rule was again reiterated and followed in Bucks County in the case of Commonwealth v. Pluta, 26 D. & C. 2d 693. In the instant case, the only evidence as to posting was the averment of the trooper that signs were posted but their locations, facing and distance apart were not mentioned at all.

Under the same principle the fact of character of the zone as residential or business is a vital element. Signs so limiting speed in other areas would have no limiting authority or effect whatever. It is the exceeding of the speed limit posted "within business or residence districts, or public park areas" wherein signs have been erected facing the traffic to be controlled that constitutes the offense, not the mere exceeding of a speed limit posted on a sign or signs.

We, therefore, conclude that the Commonwealth has failed to carry its burden of proof, defendant Lloyd F. Conlon is found "not guilty" and discharged, costs to be paid by the County of Chester.