## Szabo License

*Sol Lubin,* for appellant.

*Raymond J. Sobota,* for Secretary of Revenue.

PINOLA, P. J., September 18, 1963.—This is an appeal by Vlk Szabo, of the Borough of Kingston, from a suspension of his operator's license for a period of three months for alleged speeding.

The case was heard de novo. On the basis of the testimony adduced, we make the following

### Findings of Fact

1. On July 2, 1962, at about 9:15 a.m., appellant was operating a Dodge station wagon along Route 11 at a point about three miles south of Shickshinny.

2. The road which is three lanes in width, is of concrete and was dry. It was a clear day.

3. Appellant was arrested for operating his auto-

mobile at the rate of 62 miles per hour in a 50 mile zone.

4. There was a sign bearing the legend "Radar enforced" between two and one-half and three miles north of the point of arrest.

5. An operator of an automobile could see the parked car containing the radar equipment 500 feet away from it, and the interceptor car was located from 1,000 to 1,200 feet south of the radar car.

6. Appellant is self-employed and travels about 2,500 miles per month.

7. Appellant had just passed another car before coming into the zone of influence of the radar equipment.

8. The radar equipment used was approved by the Secretary of Revenue and properly tested, as was the automobile used by the officers in checking the radar equipment.

## Discussion

At the conclusion of the testimony, counsel for appellant moved that the appeal be sustained because there is no evidence of the interval between the radar signs, and further there is no evidence indicating that the Secretary of Highways has designated the required interval between such signs.

Our decision on these points will render unnecessary consideration of appellant's contention that he only exceeded the speed limit while passing another car.

We agree with counsel for appellant.

Under section 1002 (d.1) (1) of The Vehicle Code no conviction shall be had unless, inter alia, there be proof that "official warning signs have been erected on the highway by the proper authority indicating that radar is in operation."

Paragraph (3) of the same section provides:

"The Secretary of Highways shall have the authority to establish, by rule and regulation, the size, color and type of warning signs to be erected on the high-

ways where radar is in use and to designate the intervals at which such warning signs are erected."

We do not know whether the secretary has prescribed the interval by rule or regulation, nor, if he has done so, what the prescribed interval is. Without such evidence, the suspension cannot stand: Commonwealth v. Anspach, 134 Pa. Superior Ct. 369.

Accordingly, we reach the following

### Conclusion

The alleged violation committed by appellant does not call for a suspension of his operator's license.

We, therefore, enter the following

### Order

Now, September 18, 1963, at 1 p.m. (EDT), appellant is not subject to a suspension of his operator's license.