Commonwealth *v.* Holte, Appellant.

Argued March 14, 1967.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*John J. Krafsig, Jr.,* for appellant.

*P. Nelson Alexander,* Assistant District Attorney,
with him *John F. Rauhauser, Jr.,* District Attorney,
for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., April 12, 1967:

The appellant-defendant was charged with violating
Section 1002(b)(9)[1] of The Vehicle Code of April 29,
1959, P. L. 58, 75 P.S. §1002, for operating his motor
vehicle at the rate of 96 miles per hour. Following a
hearing he was found guilty and sentenced to pay a
fine of fifteen dollars and costs. The only issue he

---

[1] "(9) Subject to the provisions of subsection (c) of this sec-
tion, the Secretary of Highways may, after due investigation, es-
tablish certain speed zones with a sixty (60) mile an hour speed
limit on State highways outside of business and residence districts,
where traffic conditions and other conditions of the highway make
it safe to operate motor vehicles at the maximum speed provided
by this clause.

"Any such established speed zone shall be indicated by the
erection of official signs, spaced not less than one-eighth (⅛) of
a mile apart, on the right-hand side of the highway facing the
traffic to be controlled, and at the end of the speed zone there
shall be an official sign indicating the end of such speed zone."

raises in this appeal is the sufficiency of the evidence to sustain the charge, the fact that the signs provided for in the second paragraph of said subsection (9) had been erected and were in place at the time and place of his alleged violation not having been proven.

In *Commonwealth v. Anspach,* 134 Pa. Superior Ct. 369, 4 A. 2d 203 (1939), we held that proof of the existence of signs required by subsection (4) of said §1002 was fatal to the case of the Commonwealth and discharged the defendant. Section (4), although fixing a maximum of 40 miles per hour in business, residential and park areas, permits local authorities to exercise discretion in deciding whether such limit should be reduced to 25 or 35 miles per hour, providing proper notice is given to the motorists of the limit adopted. The reason for such notice is obvious. If no signs were erected the motorist would be justified in presuming that 40 miles per hour was the limit as provided by statute, and should not be convicted of violating a lesser limit of which he did not have notice. However, we find nothing in that decision which would exonerate him if he were exceeding the 40 mile limit set up by the statute. In that case the motorist was traveling 40 miles per hour.

Nor do we think that *Commonwealth v. Brose,* 412 Pa. 276, 194 A. 2d 322 (1963), is determinative because the provisions on which that case was founded clearly declared that, "No conviction shall be had upon evidence obtained through the use of radar apparatus unless— . . . (iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation." 75 P.S. §1002(d.1) (1). We note that a similar mandate is included in (g) of said provision which provides for a minimum speed of 40 miles per hour on certain highways.

The present case is distinguishable in that the provision with which we are concerned contains no pro-

hibition of conviction if signs are not posted. It contains only a direction that signs be erected advising motorists when the Secretary of Highways exercises his discretion to raise the statutory maximum of 55 miles per hour to the higher rate. In this connection we note that no signs are required when the limit fixed by the statute prevails.

From the foregoing analysis of the provisions aforementioned we conclude that the direction of subsection (b) (9) was for the purpose of advising motorists that they might exceed the 55 miles per hour limit and travel for a limited distance at the increased rate and that proof of the posting of such signs was not a necessary element of the crime with which defendant was charged. If the signs were not in place, he was in violation of the 55 miles per hour limit. Whether he knew or did not know of his privilege to exceed that speed in this area was unimportant. By the action of the Secretary of Highways his rights, if the license of operating a motor vehicle is such, were enlarged and not restricted. He was in no way prejudiced by the lack of that knowledge. Under all the circumstances we would interpret the provision as to the posting of signs under subsection (9) as directory and not mandatory as to constitute a necessary element of the crime with which defendant was convicted.

The law does not intend a result that is absurd, impossible of execution or unreasonable. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §52, 46 P.S. §552. Were we to hold that a motorist may be convicted of violating the 55 miles per hour limit without the presence of signs and not be convicted of exceeding 60 miles per hour because no signs were erected would give an absurd and unreasonable construction to the provision we are considering.

Judgment of sentence is affirmed and appellant-defendant is directed to appear in the court below at

such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of which had not been performed at the time the appeal was made a supersedeas.