Opinion by
 

 Watkins, J.,
 

 This is an appeal by Richard H. Winings, the appellant-defendant, from the decision of the Court of Quarter Sessions of Berks County, affirming the judgment of guilty and the imposition of a fine and costs after hearing before a Justice of the Peace.
 

 The appellant was charged with violating §1002 (b)(8) of The Vehicle Code of 1959, P. L. 58, 75 PS §1002
 
 [1]
 
 (p.p.). The specific charge was operating his motor vehicle at the rate of 66 miles per hour in a fifty-mile-per-hour speed limit zone. The testimony discloses that the vehicle was timed by radar and the appellant does not complain about the use of radar or
 
 *248
 
 the rate of speed determined by it. There was an official speed limit sign indicating a speed of 50 miles per hour for passenger cars and 40 miles per hour for trucks. The Commonwealth stipulated that there was no sigh showing the end of the fifty mile speed zone.
 

 The case was heard de novo and was referred to the court en banc by Judge Warren K. Hess on the sole question of whether or not the appeal should be sustained because of the stipulation that there was no sign showing the end of the fifty mile speed zone. The court affirmed the judgment of the Justice of the Peace two to one. Judge Bertolet speaking for the majority said: “The purpose of the sign at the end of the zone was for advising motorists when the specified limitation on their speed had come to an end. At the time of the violation for which he was arrested the defendant was in no way prejudiced by the missing sign or the information it would have given him when he went sixty-six miles per hour. This speed, it may be noted, was more than would have been permitted in the total absence of the speed zone signs, viz., fifty-five miles per hour. The provision of the law with which we are concerned contains no prohibition of conviction if the ‘end of speed zone’ sign is not posted.”
 

 The Commonwealth argues that this case is controlled by
 
 Com. v. Holte,
 
 209 Pa. Superior Ct. 498, 229 A. 2d 16 (1967). We agree. In that case the defendant was charged with violating §1002(b)(9) of the Code, for operating his automobile at the rate of 96 miles per hour. Subsection (9) of the Code permits the Secretary to establish rates of speed beyond the statutory limit and states that where such zones are established signs shall be erected. The language as regards signs is the same as that contained in subsection (8). In the
 
 Holte
 
 case, supra, it was argued, as here, that the existence of the signs was not proven
 
 *249
 
 and so the conviction conld not stand. This Court decided that the posting of the signs was directory and not mandatory.
 

 The defendant contends that the case is controlled by
 
 Com. v. Anspach,
 
 134 Pa. Superior Ct. 369, 4 A. 2d 203 (1939). In the
 
 Holte
 
 case, supra, Judge Montgomery speaking for this Court, distinguished
 
 Anspach
 
 from
 
 Holte
 
 as follows, at page 500: “In Commonwealth v. Anspach, 134 Pa. Superior Ct. 369, 4 A. 2d 203 (1939), we held that proof of the existence of signs required by subsection (4) of said §1002 was fatal to the case of the Commonwealth and discharged the defendant. Section (4), although fixing a maximum of 40 miles per hour in business, residential and park areas, permits local authorities to exercise discretion in deciding whether such limit should be reduced to 25 or 35 miles per hour, providing proper notice is given to the motorists of the limit adopted. The reason for such notice is obvious. If no signs were erected the motorist would be justified in presuming that 40 miles per hour was the limit as provided by statute, and should not be convicted of violating a lesser limit of which he did not have notice. However, we find nothing in that decision which would exonerate him if he were exceeding the 40 mile limit set up by the statute. In that case the motorist was traveling 40 miles per hour.”
 

 In the instant case the appellant clearly violated the speed fixed by the 50 mile zone and for that matter the 55 mile legal limit which required no signsJ What was said in the
 
 Holte
 
 case, supra, at page 501, is equally applicable here, i.e.: “The law does not intend a result that is absurd, impossible of execution or unreasonable. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §52, 46 P.S. §552. Were we to hold that a motorist may be convicted of violat
 
 *250
 
 ing tbe 55 miles per liour limit without the presence of signs and not be convicted of exceeding 60 miles per hour because no signs were erected would give an absurd and unreasonable construction to the provision we are considering.”
 

 Decision affirmed.
 

 Hoffman, J., dissents and would adopt on the dissenting opinion of President Judge Hess in the lower court.
 

 [1]
 

 “(8) The Secretary of Highways may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act.
 

 “Any such established speed limit shall be indicated by the erection of official signs, spaced not less than one-eighth (%) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone, except that on limited access highways the signs shall be placed at the beginning and end of said limited access highways and at reasonable intervals in the discretion of the Secretary of Highways. As amended 1961, Aug. 23, P. L. 1118, §2.”