## Commonwealth v. Carroll

*John B. Fowler, 3rd,* Assistant District Attorney, for Commonwealth.

*George Carroll,* p. p.

WEIDNER, ·J., July 1, 1968.—Defendant, George Carroll, was charged with operating a motor vehicle at 80 miles per hour on Interstate Route 81 where the speed limit is 65 miles per hour, on December 10, 1967.

The charge was brought under The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002(b)(9), as amended, 75 PS §1002(b)(9), which provides as follows:

"Subject to the provision of subsection (c) of this section, the Secretary of Highways may after due investigation, establish certain speed zones with a sixty (60) mile an hour speed limit on State highways outside of business and residence districts, where traffic conditions and other conditions of the highway make

it safe to operate motor vehicles at the maximum speed provided by this clause.

"Any such established speed zone shall be indicated by the erection of official signs, spaced not less than one-eighth (1/8) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone".

Defendant waived a summary hearing before the justice of the peace and the hearing was held before the court on May 6, 1968. At the hearing, Trooper Roberts, of the Pennsylvania State Police, and Trooper Rendish, of the Pennsylvania State Police, testified for the Commonwealth that defendant was traveling 80 miles per hour for a clocked distance of 2.4 miles in Penn Township, Cumberland County, Pa. The Commonwealth offered no evidence that official speed signs were erected on the highway.

Defendant moved to dismiss the action on two grounds:

1. That section 1002(b) (9) of the act does not authorize the secretary to set a 65 mile per hour limit on Interstate Highway Route 81 and that the violation should have been brought under section 1002(b)-(8) of The Vehicle Code;

2. That official speed limit signs were not erected as required by the act.

Under section 1002(b) (9) of the act, the Secretary of Highways is authorized to establish certain speed zones with a 60 mile-an-hour speed limit on State highways where traffic conditions and other conditions of the highway make it safe to operate motor vehicles at the maximum speed provided by this clause. It is apparent that under this section the secretary may set a speed zone with a 60 mile-per-hour speed limit but there is no authority under this section for the secretary to set a speed zone with a 65 mile an hour speed limit.

It is obvious that section 1002(b)(8) of the act is the section under which the prosecution should have been brought.

Section 1002(b)(8) of The Vehicle Code was amended August 23, 1961, P. L. 1118, sec. 2, to provide as follows:

"The Secretary of Highways may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act.

"Any such established speed limit shall be indicated by the erection of official signs, spaced not less than one-eighth ($\frac{1}{8}$) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone, except that on limited access highways the signs shall be placed at the beginning and end of said limited access highways and at reasonable intervals in the discretion of the Secretary of Highways".

Under section 1002(b)(8) of The Vehicle Code, it is obvious that the secretary may establish "any speed limit", which would include the 65-mile-speed limit here established on Interstate Highway Route 81. Actually, under section 1002(b)(9), the Secretary of Highways had no authority to affix a limit higher than 60 miles per hour and, therefore, the limit of 65 set by the Secretary of Highways for Interstate Highway Route 81 had to be under section 1002(b)-(8) of The Vehicle Code.

In further support of this interpretation, the amendment of 1961 to section 1002(b)(8) mentions for the first time limited access highways in the section dealing with the placing of signs. Therefore, in enacting the amendment of 1961 to subsection 1002-(b)(8), the legislature must have had in mind lim-

ited access highways such as Interstate Highway Route 81.

Accordingly, any violation of the speed limitation of 60 miles per hour set by the Secretary of Highways should be brought under section 1002(b)(9) and any alleged violation of the 65-mile-per-hour limit should be brought under section 1002(b)(8), and if brought otherwise, is defective. Section 1002(e) requires that reference be made to the section and subsection alleged to have been violated.

Defendant also objected and moved to dismiss on the ground that there was no evidence introduced as to the posting of signs as required by the act setting the speed limit. However, the posting of signs limiting the speed limit, where over the minimum of 55 miles per hour, is discretionary and not mandatory: Commonwealth v. Holte, 209 Pa. Superior Ct. 498 (1967).

ORDER

And now, July 1, 1968, defendant's motion is sustained and the action dismissed. Costs on the County of Cumberland.