Commonwealth *v.* Buffin.

Argued April 20, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Ralph B. Pinskey,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance entered for appellee.

OPINION BY JUDGE ROGERS, June 2, 1971:

The Commonwealth has appealed from an order of the Common Pleas Court of Allegheny County sustaining an appeal from an Order of the Secretary of Revenue suspending the privilege of Geraldine B. Buffin to operate a motor vehicle for a period of one month.

Mrs. Buffin was apprehended by a police officer of Ross Township, Allegheny County, who had timed her rate of speed for a distance of not less than one quarter of a mile. The officer charged Mrs. Buffin with operating a motor vehicle at a rate of speed of 62 miles per hour on a State highway where the speed limit

established by the Secretary of Highways was 45 miles per hour, a violation of Section 1002(b)(8) of The Vehicle Code, 1959, April 29, P. L. 58, as amended 75 P.S. 1002(b)(8). Mrs. Buffin pled guilty to the offense charged before a magistrate and paid the statutory fine and the costs. The Secretary's order of suspension was made pursuant to Section 618(b)(2) of The Vehicle Code, *supra,* 75 P.S. 618(b)(2) authorizing the Secretary to suspend an operator's license, wherever, after hearing, he finds that the operator has committed any violation of the laws relating to vehicles.

The court below heard the case de novo and, as noted, sustained the appeal. While that court was authorized by law to act independently, it was required, nevertheless, to act in accordance with the evidence and the circumstances. *Commonwealth, Appellant v. Fisher,* 184 Pa. Super. 75, 132 A. 2d 739 (1957). Our duty is to examine the testimony to determine whether the findings of the court are supported by the competent evidence, and to correct conclusions of law erroneously made. *Commonwealth v. Halteman,* 192 Pa. Super. 379, 162 A. 2d 251 (1960).

We have concluded that the record and case law do not support the trial judge's order, which was based upon his belief that the record did not contain evidence of the presence of official signs establishing the 45 miles per hour limit at the location. A close and thorough reading of the record discloses that there was such evidence. The police officer testified in direct examination that there were such signs posted and on cross-examination that one was posted at the point of entry into Ross Township beyond which he clocked Mrs. Buffin traveling at the rate of 62 miles per hour. In *Commonwealth v. Anspach,* 134 Pa. Super. 369, 4 A. 2d 203 (1939) cited by the trial judge, there was no

evidence whatsoever of the posting of signs and the operator was traveling at a rate of speed which would have been lawful absent the establishment of a lower limit. While, as we have pointed out, there is here evidence of the signs within the zone, there is no evidence of the sign posted at the end of the restricted speed zone. This suspension is nevertheless sustainable. *Commonwealth v. Winings*, 212 Pa. Super. 246, 243 A. 2d 485 (1968) held that a conviction of a violation of Section 1002(b)(8) was properly sustained in the absence of the proof of the sign at the end of the zone where the defendant operated his motor vehicle in excess of the 55 mile per hour legal limit which requires no signs. Similarly, *Commonwealth v. Holte*, 209 Pa. Super. 498, 229 A. 2d 16 (1967), held that a person who operated a vehicle 96 miles per hour was properly convicted of exceeding a 60 mile per hour limitation, even in the absence of proof of the erection of the signs establishing the 60 mile per hour zone. Judge MONTGOMERY there said "Were we to hold that a motorist may be convicted of violating the 55 miles per hour limit without the presence of signs and not be convicted of exceeding 60 miles per hour because no signs were erected would give an absurd and unreasonable construction to the provision we are considering."

That appellee was operating her vehicle 62 miles per hour is uncontested. She thus exceeded the maximum speed permitted in the absence of signs. It would be absurd to hold that her license should not be suspended because the presence of a sign fixing a lower limit was not proved.

The order of the Court of Common Pleas of Allegheny County is reversed, and the order of the Secretary of Revenue is reinstated. Reinstated suspension shall be issued within thirty (30) days.