## Commonwealth v. Yarnell

*David J. Brightbill,* for Commonwealth.

*Jay N. Abramowitch,* of *Williamson, Miller, Murray & Linton,* for defendant.

GATES, P. J., May 2, 1972.—This matter is before us on the petition of defendant for the allowance of a writ of certiorari. Pursuant to our writ, the district

justice returned a copy of the traffic citation employed to commence this proceeding, as well as a transcript and all other pertinent documents.

From the record we learned that on November 15, 1971, a citation was issued by Lebanon City police officers charging defendant with speeding 37.5 miles per hour in a 25 mile-per-hour speed zone in the City of Lebanon.

On November 19, 1971, a hearing was held at the office of the district justice at which time defendant appeared with counsel. At the conclusion of the hearing defendant was adjudged guilty and ordered to pay a fine and costs in the total amount of $20.

On December 8, 1971, we issued this writ for the various reasons set forth in the petition. We shall consider these reasons in the order presented at argument.

Defendant's first contention is that the transcript of the proceedings before the district justice is fatally defective, because the citation fails to include the date of the alleged offense as required by Pennsylvania Rule of Criminal Procedure 132.

One evident purpose in the adoption of the citation procedure for summary violations of The Vehicle Code is to provide for a prompt, simple, relatively informal method of handling motor vehicle violation cases. It is provided that when the commission of a summary offense is observed by a police officer, he may, in his discretion, issue a citation to such person charging the violation observed by the police officer: Rule 131(a).

The citation must be in substantially the form set forth in rule 133 and contain the information set forth in rule 132. The pertinent provision of rule 132(3) is as follows: "The date and time when the offense is alleged to have been committed; provided, however, if the date or day of the week is an essential

element of the offense charged, such date or day must be specifically set forth . . ." This provision is not a paragon of clarity. It certainly is subject to the interpretation that where, as in this case,the date or day of the week is not an essential element of the offense, then the date or day must not be specifically set forth. Matters worsen when rule 133(a) is examined. Block No. 11 of the citation form set forth therein has the word "day" and not the word "date." The police officers in filling out the citation in this case abbreviated the day of the week and inserted "Fri." in this block. This is the basis of defendant's contention, that the entire proceeding is fatally defective. We do not agree.

The record here discloses that defendant was apprehended for speeding over a measured distance of one-eighth of a mile and was stopped at the end of the speed trap. The police officer, having viewed the violation, filled in the citation, and defendant signed the receipt for the citation in block 35 right next to block 36 where the date of issuance, October 15, 1971, is set forth. No argument, other than a hypertechnical one, can be made that defendant was in any way prejudiced by the insertion of the day instead of the date in block 11 of the citation form. Furthermore, Pa. R. Crim. P. Rule 114 provides, in substance, that no person appearing in response to a citation shall be discharged, nor shall any case be dismissed because of any informal defect in the citation. The rule provides that the citation may be amended so as to remedy any such informality.

From the United States Supreme Court on down we have been instructed not to be hypercritical of those not learned in the law, but assigned judicial or quasi-judicial duties. The preparation of a citation in the field by a police officer is a quasi-judicial duty. It takes

the place of the judicial duty of preparing a formal complaint by the issuing authority. Its purpose in the scheme of due process is to advise defendant of the nature of the charges being made so as to afford him the opportunity to defend against them. More and more our appellate courts are looking for substance and not form in judicial proceedings. A handwritten letter from Clarence Gideon to the United States Supreme Court was enough notice to that august group to initiate the famous appeal resulting in revolutionary changes in criminal procedure in this country. Since that is the case, we should not be critical of a police officer, standing in the street detaining a motorist, for perhaps not following accurately a citation form which is susceptible to at least two constructions. This is especially true, where, as here, no possible harm or prejudice could be suffered by defendant.

Defendant next contends that the transcript of the proceedings is fatally defective for failing to indicate evidence that, at the end of the speed zone in question, there was no official sign indicating the end of the speed zone, and further that the area in question was residential.

This contention ignores the scope of review on certiorari. When a case is before us on certiorari we will examine the record for regularity and will correct irregularities appearing on the face of the record relating to process, proceedings, or jurisdiction. In other words, we ordinarily are restricted to a review of the record proper. Normally, we are not concerned with the merits of the cause, not in the record depending on facts: Nomination Certificate of John S. Robb, 188 Pa. 212; Independence Party Nomination, 208 Pa. 108; 7 P. L. E., Certiorari, §30.

Since, however, the argument seems to be impor-

tant to defendant, we will answer it. As to the residential area requirement set forth in The Vehicle Code in section 1002(b) (4), the citation itself describes the offense as occurring in the City of Lebanon between 105 East Walnut Street and 212 East Walnut Street. Corporal Keenan, of the Lebanon City Police Department, testified at the hearing that East Walnut Street is Route 422 eastbound. He further testified that it is ". . . a residential area where defendant's vehicle was stopped . . ." The area where the violation occurred is in Magisterial District 52-2-03 and that is the magisterial district in which the proceeding was brought. Certainly, the district justice is aware of the geographical limits of her magisterial district. She did not need to be told that the area was residential even though the police officer, under oath, told her so, according to her transcript.

Furthermore, the police officer testified that there were 25-mile-per-hour signs posted on both sides of the street in this area, and that Route 422 enters the City of Lebanon using Cumberland Street, and that approximately 150 feet west of the City Line on Route 422 is a sign posted stating "35 miles per hour, 25 miles per hour ahead." He further testified that one-eighth of a mile from this sign, within the city limit, is the first sign indicating a restricted speed zone.

Finally, we fail to see the relevance or necessity for testimony concerning a sign at the end of the restricted speed zone. This defendant was in no way prejudiced by the failure to have the zone so marked, because his violation occurred well before the end of the speed zone. See Commonwealth v. Winings, 212 Pa. Superior Ct. 246.

Defendant also complains that the transcript is fatally defective for failing to find specific facts upon which jurisdiction of the magistrate in question

depends. For the reasons set forth in the foregoing argument, this contention is likewise meritless.

Defendant complains that the transcript is fatally defective for failing to include competent evidence concerning the speed of the vehicle. In support of his argument, he contends that inadmissible hearsay was presented at the hearing, inasmuch as the measured course was checked by officers other than those who were the prosecutors, that there was a certification from a jeweler attesting to the accuracy of the watches that were used, and, further, that notarized calculations from the city engineer were introduced to translate seconds into miles per hour.

All of the evidence complained of was surplusage. Corporal Keenan testified under oath that he measured the distance and checked it on March 24, 1971, with a 100-foot steel tape. He further testified that orange colored paint and surveyor's pins are located in the curb at the beginning and the end of the measured course. Thus, it is evident that there was no need to introduce into evidence the measurement of the course made by others. As to the jeweler's certificate, it was totally unnecessary. Nowhere in The Vehicle Code is there a requirement that stop watches, employed in a speed trap, must be proven at the hearing to be accurate. If the legislature intended otherwise, it would have so provided, similarly to the requirement of proof of accuracy of a speedometer in a speeding case. Finally anyone with a basic mathematics course is capable of translating seconds into miles per hour. An arithmetical fact need not be proven. Therefore, the notarized calculations by the city engineer were unnecessary. In brief, this defendant got much more than he was entitled to.

Finally, defendant complains that the transcript of the proceedings is fatally defective for failing to indi-

cate that defendant was adjudged guilty of a specific violation of The Vehicle Code. In support of this contention, defendant assigns the vintage case of Reid v. Wood, 102 Pa. 312. There, it was held that it is necessary in a summary conviction proceeding that the record contain a finding that a specific act has been performed by defendant and that it shall describe and define it in such a way as to individuate it and show that it falls within an unlawful class of acts. In the Reid case, the record did not show that defendant did anything prohibited by law or ordinance. It did not even show that a complaint was made before the burgess. Mr. Justice Paxson's express concern was that the record failed to show what it was that defendant supposedly did to justify the burgess' committing him to the county jail for refusing to pay a fine. Clearly, this case is distinguishable and not controlling.

Defendant also cites Commonwealth v. Fondak, 44 D. & C. 2d 337. It is true that there the rule in the Reid case was restated, and it is obvious that it is a correct rule of law. But what is not obvious is why it was stated in the case. There are four or five valid reasons set forth in the opinion for setting aside the conviction, but none pertain to the rule in the Reid case. Perhaps the rule was mentioned there because defendant was charged with two separate and distinct summary violations of The Vehicle Code and the record did not disclose facts which would support a conviction of either offense charged.

However, the record in this case discloses that the district justice found defendant "guilty as charged." The charge was operating a motor vehicle at 37.5 miles per hour in a 25 mile-per-hour restricted speed zone. The officers that conducted the speed trap appeared and testified to precisely those facts. Defend-

ant did not testify and there were no facts in dispute. Consequently, we can ascribe but one, and only one, meaning to her finding and that is that the district justice found defendant, in fact, operated his automobile at the rate of 37.5 miles per hour in a 25 mile-per-hour restricted speed zone in the City of Lebanon. There could not possibly be any confusion, and any argument based on it is meritless.

We have reviewed each and every argument submitted by defendant and find no merit in any of them. Therefore, we will make the following

### ORDER

And now, to wit, May 2, 1972 the petition is dismissed. Defendant shall pay all costs.