## Commonwealth v. Nero
## Commonwealth v. Gutowski

*Gordon J. Daghir,* District Attorney, for Commonwealth.

*Cartwright & Fernan,* for defendants.

GREINER, P. J., December 19, 1972.—The above two cases both concern the same issue which involves the interpretation of section 1002(d)(1) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002(d)(1), which in part reads as follows: "When the rate of speed of any vehicle is timed on any

highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided. . . ."

Counsel for defendant in both cases filed motions to discharge based on a stipulated fact that the method of determining speed by the officers was that one officer was at each end of a measured one-eighth mile strip; that the first officer had no watch and kept no time, but merely advised the second officer when the vehicle entered the measured stretch, said advisement being made by radio message, and the second officer would then time how long the vehicle in question took to traverse the measured one-eighth-mile stretch, which timing was done with a proper and appropriate stop watch. The issuing authority in each case determined that only one officer is required to time the vehicle in question, with a watch, and that the first officer participated in the timing by virtue of his advising the second officer when to start the stop watch, therefore the requirements of said section were thereby met.

Neither the district attorney representing the Commonwealth nor defense counsel offered any authority with respect to the determination of the above recited pertinent section and requested the court to determine same based on the stipulated facts without a full hearing. The Commonwealth's position is that the speed was in fact timed by two officers but with only the use of one stop watch.

This section is penal in nature and must be strictly construed: Commonwealth v. Anspach, 134 Pa. Superior Ct. 369, 4 A. 2d 203 (1939); Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252, 182 Atl. 109 (1935); Commonwealth v. Taylor, 38 D. & C. 2d 749 (1966); Commonwealth v. Redding, 10 Adams 93 (1968).

When language of a statute is plain and unambiguous and conveys a clear meaning there is no occasion for resorting to rule of statutory construction and the statute must be given its plain and obvious meaning: Yellow Cab Company of Philadelphia v. Unemployment Compensation Board of Review, 170 Pa. Superior Ct. 625, 90 A. 2d 599 (1952); Davis v. Sulcowe, 416 Pa. 138, 205 A. 2d 89 (1964); Commonwealth v. Przychodski, 177 Pa. Superior Ct. 203, 110 A. 2d 737 (1955); Czepukaitis v. Philadelphia and Reading Coal and Iron Company, 203 Pa. Superior Ct. 493, 201 A. 2d 271 (1964).

Keeping in mind that the speed determined by the two police officers to support a violation of this section is based upon the time which the respective automobiles traversed the relatively short distance of one-eighth of a mile, *time* is of the essence. It is apparent that the first officer stationed at the beginning of the measured stretch without the use of a stop watch, notified by the officer stationed at the end of the stretch when the particular vehicle has completed the measured distance, has no way whatsoever to determine what time it took the particular vehicle to traverse the distance. The first officer under the circumstances merely alerted the second officer that the specific vehicle involved had entered the course. Therefore, he was in no position whatsoever to offer testimony as to the time it took defendant in each case to travel the measured one-eighth of a mile distance.

This is an obvious and apparent contradiction to the mandate of the statute which states "and no conviction shall be had upon the unsupported evidence of one (1) peace officer."

For the foregoing reasons we make the following

## ORDER

Now, December 19, 1972, in each of the above captioned cases, motion to discharge is hereby granted and each of the defendants is discharged with costs on the County of Elk.