## Commonwealth v. Hearn

*Joseph W. deFuria, Jr.,* for the Commonwealth.
*Edward R. Dougherty,* for defendant.

DIGGINS, *SR. J.,* August 19, 1983—On December 8, 1982, defendant Patrick J. Hearn, was clocked by Pennsylvania State Trooper Timothy Flynn, travelling 70 miles per hour in a 55 mile per hour speed zone on West Chester Pike in Newtown Township. Trooper Flynn timed defendant with a radar speed timing device, the Decator Ray Gun Model 100, which is an approved speed timing device, pursuant to the Pennsylvania Department of Transportation regulations. The trooper had been trained in operating the device at one of the police academies and had the radar machine tested by YIS, Incorporated, a state-approved testing station, within 60 days of the date of the offense. Based upon his observations and the radar read-out, the trooper issued a traffic citation to Defendant, charging him with a violation of 75 Pa.C.S.A. §3362(a)(2), "Maximum Speed Limits."

A preliminary hearing was held before District Justice David Videon at which the defendant was found guilty of violating 75 Pa.C.S.A. §3362(a)(2) and fined $55 plus $15 in costs. Defendant appealed the verdict to the Court of Common Pleas of Delaware County and a hearing was held on June 20, 1983, before Diggins, J. Defendant was again found guilty of violating §3362(a)(2). Pursuant to Rule 1123 of the Pennsylvania Rules of Criminal Procedure, defendant filed exceptions to the court's finding of guilt.

On appeal defendant excepts to the court's finding of guilt on the grounds that while evidence of posting of speed limit signs is necessary in order to sustain a conviction for speeding under 75 Pa.C.S.A. §3362(a)(2), the trooper who issued the

citation was unable to testify as to the specific locations where signs were posted making motorists aware of the speed limit. Defendant further contends that since the Trooper did not specifically know where the speed limit signs were posted in the radar trap, his act of setting the maximum speed at 55 miles per hour was pure guess work. Defendant goes on to argue that this renders the citation defective on its face (since the maximum speed limit as shown on the face of the citation was 55 miles per hour) and thus the conviction should be reversed.

We find that the defendant's argument fails for the simple reason that no evidence of posting of speed limit signs is necessary in order to sustain a conviction for speeding under 75 Pa.C.S.A. §3362(a)(2). The authority to support this is clearly set forth in 75 Pa.C.S.A. §3362(b), "Posting of Speed Limit."

Subsection (b) of §3362 states:

"Posting of Speed Limit. No maximum speed limit established under subsection (a)(1) or (3) shall be effective unless posted on fixed or variable official traffic-control devices erected in accordance with regulations adopted by the department which regulations shall require posting at the beginning and end of each speed zone and at intervals not greater than one-half mile."

It is clear that subsection (b) of §3362 only requires posting of speed limit signs in zones established under §3362(a)(1), "thirty-five miles per hour in any urban district," and under §3362(a)(3), "any other maximum speed limit established under this subchapter". Subsection (b) expressly omits any requirement for posting of speed limit signs in zones established under §3362(a) "fifty-five miles per hour in other locations."

It is irrelevant whether or not the Trooper could testify to the exact and specific locations where speed limit signs were located. And regardless of this, the posting of signs is unnecessary when the speed limit is 55 miles per hour. Here, there is little doubt that the offense in question took place in a zone falling under the purview of §3362(a)(2), which limits speed to 55 miles per hour.

By process of elimination we find that the applicable speed must have been fixed at 55 miles per hour. §3362(a)(1) is not applicable as the offense did not take place in an urban area. Although no testimony was presented as to the nature of the vicinity where the offense occurred, West Chester Pike, a four lane divided highway, is hardly an urban district. Furthermore, the speed was not subject to §3362(a)(3), "other maximum speeds." There was no testimony to indicate that either a higher or a lower speed than 55 miles per hour should have been observed by the defendant due to peculiar traffic, neighborhood, or weather conditions. See 75 Pa.C.S.A. §3361, "Driving Vehicle at Safe Speed." Therefore, §3363(a)(2) defined the appropriate speed limit. Since defendant was clocked travelling at seventy miles per hour, Trooper Flynn properly cited him for speeding.

Regardless of whether or not signs were posted, defendant is charged with the knowledge that the speed limit is not to exceed 55 miles per hour. There is abundant case law to support this.

In the case of In re Peters License, 61 D. & C. 2d 502 (1973), defendant was convicted of travelling at 68 miles per hour in a 50 mile per hour zone, even though the Department of Transportation failed to prove that the highway on which the violation occurred had been posted with signs establishing a 50 mile per hour speed limit, as required by

§1002(b)(8) of the Vehicle Code. The court commented on prior decisions which held that

". . . in the absence of proof that a highway has been properly posted with signs establishing a contrary speed limit, a conviction can be had under §1002(b)(8) or a license suspension sustained if the evidence demonstrates a violation of the general speed limit of 55 mph. This speed limit has been established by statute and requires no posting." 61 D. & C. 2d at 504.

In Com. v. Buffin, 2 Commw. 404, 278 A.2d 366 (1971), defendant exceeded the general speed limit of 55 miles per hour and was convicted of violating 75 Pa.C.S.A. §3362(a)(8) even though no signs were posted. The court concluded, "The defendant thus exceeded the 55 mph maximum speed permitted in the absence of signs. It would be absurd to hold that her license should not be suspended because the presence of a sign fixing a lower limit was not posted." 2 Commw. at 407. Similarly, in Com. v. Holte, 209 Pa. Super. 498, 229 A.2d 16 (1967), the defendant was charged with violating §1002(b)(9). The court held that the statute contained nothing to prevent conviction in the absence of posting, only that signs be posted where the speed limit was to exceed 55 miles per hour. The court commented, "In this connection we note that no signs are required when the speed limit fixed by the Statute prevails." 209 Pa. Super. at 501, 229 A.2d at 17.

Here, the limit as set forth in §3362(a) clearly prevailed. Since defendant was clocked travelling in excess of this limit, he was properly cited by the Trooper for speeding. Therefore, we hereby deny defendant's post verdict motions and sustain the conviction, and enter the following

## ORDER

And now, August 18, 1983, after consideration of the above-captioned matter, it is hereby ordered and decreed that the defendant is found guilty of violating 75 Pa.C.S.A. §3362(a)(2) and the summary appeal is denied. All fines and costs imposed below shall be reinstated.